## GOODALE V. WALLACE *et al.*

1. Where a loan of $1,800 for five years at 12 per cent. was made; the borrowers executing as evidence thereof 59 notes for $40 each, and 1 for $43.20; a note being payable each month until the debt was paid; no interest being payable on any note until due—the contract was not usurious, within the statutes forfeiting the right to interest when interest in excess of 12 per cent. is reserved.

2. Where interest at an illegal rate is reserved by the lender through mistake, rather than a corrupt agreement, the illegal reservation is not within the statute forfeiting the lender's right to interest when interest in excess of the legal rate is reserved.

3. The validity of notes representing a debt and interest thereon at the highest legal rate to their maturity is not affected by a provision in the notes for interest after maturity.

4. Where a mortgage given to secure a series of notes representing a debt and interest thereon to their maturity at the highest legal rate provided that, on the failure of the mortgagors to pay any note at maturity, all of the notes should thereupon become due and collectible, the contract was not thereby rendered usurious.

5. A provision in a contract for the payment of the highest legal rate of interest monthly as it becomes due is not an evasion of the usury law.

(Opinion filed May 31, 1905.)

Appeal from circuit court, Pennington county; Hon. LEVI McGEE, Judge.

Action by Anna S. Goodale against Minnie E. Wallace, Arthur E. Wallace, and others. From a judgment in favor of plaintiff, defendants Wallace appeal. Affirmed.

*Charles W. Brown*, for appellants.

The test of usury is whether the contract, if performed, will result in securing to the lender a greater rate of interest than is allowed by law. The form of the agreement is immaterial since any shift or device by which illegal interest is arranged to be received or paid is usurious. §§ 28, 29, Webb on Usury; §§ 1417, 1419 Civ. Code; Smith v. Parsons, 57 N. W. 311; Drury v. Wolfe, 25 N. E. 626; Mitchell v. Bailey, 35 S. E. 581; Lavette v. Brinsfield, 35 S. E. 637; Allen v. Dunn, 99 N. W. 680; Kreibohm v. Yancey, 55 S. W. 260, 266; Borrowers', &c., Ass'n v. Eklund, 52 L. R. A. 637; Goodhue v. Teetshorn, 21 N. W. 698; Hazen v. Barnes, 99 N. W. 415.

An agreement to make interest as it matures become principal so as to bear interest, when such interest is not evidenced by separate negotiable instruments, and the rate of interest charged is the highest legal rate, constitutes usury. Drury v. Wolfe, 25 N. E. 626; Smith v. Parsons, 57 N. W. 311; Lavette

v. Brinsfield, 35 S. E. 637; Allen v. Dunn, 99 N. W. 680; Good-hue v. Teetshorn, 21 N. W. 698; §§ 1417, 1418 Civ. Code.

The nature and terms of the contract determine its charac-ter and purpose; and, if usurious in itself, it must be under-stood to have been so intended by the parties, and they can-not be heard to the contrary. §§ 33, 35 Webb on Usury; 27 A. & E. Ency. Law 926; Bank of United States v. Waggener, 9 Pet. 378; Harris v. Bressler, 10 N. E. 188.

*Fred H. Whitfield,* for respondent.

To constitute usury, there must be an agreement between the lender and the borrower, made at the time of the lending, by which the latter pays or promises to pay and the former knowingly receives, or secures a higher rate of interest than is allowed by the statute. Webb on Usury, Sec. 30; Scottish M. Inv. Co. v. McBroom, 30 Pac.559; McBroom v. Scottish M. Inv. Co., 153 U. S. 328; Gillette v. Ballard, 25 N. J. Eq. 491; Telford v. Garrels, 24 N. E. 573; Planters' Bank v. Snodgrass, 5 Miss. 573; Hammond v. Smith, 17 Vt. 231; Bank of U. S. v. Waggener, 9 L. Ed. 163; Hotel Co. v. Wade, 97 U. S. 23; Call v. Palmer, 116 U. S. 101; Condit v. Baldwin, 21 N. Y. 221; Orr v. Lacy, Fed. Cases No. 10, 589; McAleese v. Goodin, 69 Fed. 761; Bank of Orleans v. Curtis, 11 Met. 360; Stark v. Coffin, 105 Mass. 333; New England Co. v. Sanford, 21 N. W. 395; Crane v. Price, 35 N. Y. 499; Brown v. Grundy, 111 Fed. 18; Thomp-son v. Jones, 1 Stew. 556.

A miscalculation or a mistake in drafting, where there was no intentional departure from the legal rate, is not usury. Bank of Utica v. Smalley, 2 Cow. 770; Gibson v. Stearns, 3 N. H. 185; Livingston v. Bird, 1 Root 303; 7 Wait, Act. and De-fences, Sec. 1, p. 603; Fat v. Lovejoy, 20 Wis. 407; Stephens v.

Staples, 64 Minn. 3, 65 N. W. 959; Elliott v. Sugg, 20 S. E. 450; Gilmore v. Ferguson, 28 Iowa 220; Chapuis v. Mathot, 91 Hun. 565, 56 N. Y. Supp. 835; Carolina Sav. Bank v. Parrott, 8 S. E. 199.

The burden of proof of usury lies upon the party alleging it, and it must be established by a preponderance of the evidence. Webb on Usury, Sec. 101 and Sec. 428; Abbott Trial Ev., pp. 1006, 7, 11; Telford v. Garrels, 24 N. E. 573; Richardson v. Stone, 49 N. W. 763; Rappanier v. Bannon, 8 Atl. 555; Weiser v. McKay, 51 Iowa 417; Thomas v. Murray, 32 N. Y. 605; Smith v. Lehman, 5 So. 204; Stoddard v. Lloyd, 44 N. W. 207; Wilson v. Gibson, 38 S. E. 374; Abbott v. Stone, 172 Ill. 634, 50 N. E. 328; Bank v. Miller, 17 S. E. 592; Holt v. Kirby, 21 S. W. 432.

Promises to pay the highest legal rate of interest semiannually, or quarterly, are not usurious. Hawley v. Howell, 60 Iowa 79; Goodrich v. Reynolds, 32 Ill. 490; Taylor v. Herstand, 46 O. S. 345, 20 N. E. 345; Martin v. Land Mort. Bank of Texas, 23 S. W. 1032; Mowry v. Shumway, 44 Conn. 493; Brown v. VanDyke, 8 N. J. Eq. 795; Ragan v. Day, 46 Iowa 240; Mann v. Cross, 9 Iowa 327; Mowry v. Bishop, 5 Paige 98; Meyer v. Muscatine, 1 Wall 384; Cook v. Courtright, 40 Oh. St. 248; Brower v. Life Ins. Co., 86 Fed. 752; Cutler v. Supervisors, 56 Miss. 119; Commissioners v. Clark, 94 U. S. 278; Wilson v. Neal, 23 Fed. 129.

CORSON, P. J. This is an action to foreclose a real estate mortgage on certain lots in Rapid City. Findings and judgment being in favor of the plaintiff, the defendants have appealed. The mortgage was given to secure the payment of 59

promissory notes for $40 each, and one note for $43.20. Thirty-nine of these notes were paid, and the fortieth was partially paid, and foreclosure proceedings were instituted to foreclose the mortgage for the balance due on the last 20 notes. The defendants interposed the defense that the notes were usurious, and that the amount paid by the defendants was more than sufficient to pay the original amount loaned, and hence that the findings and judgment should have been for the defendants. The first note of the series is as follows: "No. 1. $40.00. Rapid City, S. Dak., September 28, 1892. October 28, 1892 after date, we or either of us promise to pay to the order of Anna S. Goodale forty 00-100 at First National Bank of Rapid City, So. Dak., with interest at 12 per cent. per annum from maturity until paid, for value received. Minnie E. Wallace. Arthur E. Wallace. Post Office, Rapid City. Received payment, Hulst & Price." The others were all drawn bearing the same date, and similar in form, except as to the date of payment, each of which was made payable on the 28th day of the month for a period of five years. The court finds that the last of said notes was due and payable September 28, 1897; that no part of said notes have been paid, except the first 39 thereof, and $22 paid on account of the fortieth note and indorsed thereon on January 29, 1892; and that there is now due and owing to the plaintiff from said defendants on account of said notes and accrued interest thereon $843.20, with interest at 12 per cent. per annum on each of the notes from its maturity to the time of trial, amounting in all (principal and interest) to $1,378.50; and the court finds generally in favor of the plaintiff and against the defendants upon all the issues. The court concludes that the plaintiff is entitled to a decree that

the mortgaged premises be sold for the amount so found due, and for a deficiency judgment against defendants Minnie E. and Arthur E. Wallace. Judgment was entered accordingly, and the property sold in the manner prescribed by law, and a deficiency judgment of $150 entered against the two defendants last named.

The first question presented arises upon a motion to dismiss the appeal on the ground that the property was sold and the deficiency judgment paid under stipulation between the parties, and that therefore an appeal would not lie from the judgment so compromised and settled to this court. This motion was argued at the last term of this court and taken under advisement, but, in view of the fact that the counsel differ as to the stipulation entered into under which the deficiency judgment was compromised and settled, we are inclined to take the view that the appeal should not be dismissed, and hence the motion to dismiss is denied.

This brings us to the merits of the case, and the principal question presented is as to whether or not the notes were usurious. The amount actually loaned by the plaintiff to the defendants was $1,800, but, as will be noticed, 60 notes, aggregating $2,403.20, were executed by the defendants, and it is specified in the notes that they are to draw interest after due at the rate of 12 per cent. per annum. The court, as we have seen, finds against the defendants upon this issue, and denied the motion of the appellants for a new trial based upon the ground that the evidence was insufficient to justify the findings.

It is contended by the appellants that by the terms of the notes there has been reserved about $74.51 in excess of the sum of $1,800 loaned, with 12 per cent. interest thereon from

the date until the trial of the action, and that under the provisions of the Code of this state the interest upon the amount was therefore forfeited, and the only sum that could be collected was the original amount of $1,800 loaned, and that, that sum having been paid, the respondent was not entitled to any judgment in her favor in this action. The respondent, on the other hand, insists (1) that, by a correct computation of the amount to be paid on said notes, the amount did not exceed the amount of the original loan, with interest thereon at the rate of 12 per cent.; (2) that, if there was an excess of interest over and above 12 per cent. provided for by the notes, it was caused by a mistake in the computation made by the appellant Arthur E. Wallace, by whom the notes were drawn and delivered to the agent of the plaintiff; and that it was not the intention of either party that the interest reserved should exceed the 12 per cent. per annum allowed by the Code.

As will be noticed, the contract is somewhat peculiar. The original amount loaned was, as before stated, $1,800, but the notes, as we have seen, aggregated $2,403.20; no interest being payable on the notes until due. In other words, there was a computation apparently of an amount that would be required to pay the $1,800, with 12 per cent. interest, and the amount so found that would become due was included in these 60 promissory notes. Computing the interest in the manner in which it was apparently computed, there does not appear to have been any excess of interest reserved over and above the 12 per cent. per annum. When the first note was paid, on October 28, 1892, there was $18 for one month's interest on $1,800, and $22 paid upon the principal; thus leaving for the second month, as due upon the principal, $1,778. This process

of paying the interest and applying the balance of the amount of the note over and above the interest to the payment of the principal would have paid at the end of five years the sum of $2,403.20, the amount for which the notes were given. The appellants suggest, however, that the computation should have been to ascertain the interest upon the $40 for the one month, and applied the balance upon the principal, and by this method of computation he claims that the amount provided for in excess of 12 per cent. interest was about $74.51. We are inclined to take the view that the computation as made by the respondent and evidently adopted by the court is the correct computation, and does not violate our statute of usury. But if we are not correct in this view, we think the excess of interest, if any, was taken under a mistake. The evidence as to the manner in which the notes were prepared, and by whom drawn, is as follows: "V. T. Price, sworn as a witness on behalf of the plaintiff, testified as follows: My name is V. T. Price. I reside at Rapid City, South Dakota. I acted for the plaintiff, Mrs. Goodale, in the matter of negotiating a loan to Mr. and Mrs. Wallace, the defendants. *  *  * I acted for Mrs. Goodale in this transaction. The papers were drawn up by Mr. Wallace, and the notes are in his hand-writing, except the other signature, which is that of Mrs. Wallace. Mrs. Goodale advanced $1,800 in money to Mrs. Wallace. Mr. Wallace had been in that building and loan association, and his proposition was to pay in this manner, thinking that he could pay it off much more easily by paying so much each month; and he drew them up in this way, and interest on the money to be computed in the notes, and to draw interest from maturity; and I made him the notes at twelve per cent. He drew the notes and made the

computation. Q. They were divided in this particular form at whose request? A. At the request of Mr. Wallace. Q. Was the purpose of dividing it into forty notes made known to you? A. Yes; he wanted to do that, and thought he could pay it in $40 payments, and have his home clear. The agreement as to the rate of interest to be charged was 12 per cent. per annum, and no more." On cross examination the witness further testified: "I left the matter of the computation to Mr. Wallace I figured in round numbers that the interest would amount to about $600, at 12 per cent.; and I had great confidence in him; and our agreement was that he was to pay 12 per cent. interest, and no more; and he made out the papers. These papers represent our agreement, if they are made like that; and, if not, they do not. Our agreement was 12 per cent. interest at maturity. These notes here are supposed to represent the amount loaned, with 12 per cent. per annum added to them. I talked with Mr. Wallace. I did not have any talk with Mrs. Wallace. The total amount of payments on the notes prior to January, 1896, was $1,582.90 on the notes, and $234.98 on the interest after maturity. * * * This item of interest after maturity was computed, as stated in the notes, at 12 per cent. The amount of interest in the first note for $40, dated September 28, 1892, was one month's interest at 12 per cent. on net $1,800. * * * The amount of interest in the first note is one month's interest on $1,800, or $18, and there would be $22 of principal." It is certainly clear from the evidence of Mr. Price, who was acting for the respondent, that it was not his intention to contract for any interest in excess of 12 per cent. per annum; and we can hardly presume that it was the intention of the defendant Wallace, as his agreement was to pay 12 per cent. per

annum upon the loan, to include interest in excess of that sum. His evidence was not taken in the case, and hence the testimony of Mr. Price, as before stated, stands uncontradicted; and there is no evidence that the plaintiff was there present, or had any knowledge as to the form of the notes, or the manner in which the interest was computed. If there was a mistake, therefore, in the drawing of the notes by Mr. Wallace, merely, and there was no intention on the part of either to include in the notes any illegal interest, but the excess of interest, if there was any, was the result of a mistake of both parties, this court would not be inclined to hold the contract usurious.

The author of the article on "Usury" in 29 Am. & Eng. Ency. Law, on page 463, says: "There is no usury where, through inadvertence or mistake of fact, more than the legal rate of interest is taken or reserved, as where the excessive interest taken or reserved is by mistake in the computation, or where a clerical mistake is made in drawing the obligation evidencing the loan. It is usually a question for the jury whether a sum in excess of the lawful interest was taken through mistake or corruptly." And in support of these propositions the author cites a very large number of cases from the various states of the Union in which this doctrine seems to be maintained. The law as here announced meets with our approval. It would certainly be unjust and inequitable to punish a person who has loaned money, by forfeiting all of his or her interest, where there has been no corrupt or intentional agreement to evade the statute. Assuming, therefore, for the purpose of this decision, that there may have been embraced in these notes the illegal interest contended for by the appellant, it is clear that it was not intended by the plaintiff, and we cannot

presume that it was intended by the appellants, to violate the statute upon the subject of interest. As stated in the law as quoted above, the question as to whether or not a sum in excess of lawful interest was taken through honest mistake or a currupt agreement is a question for the jury or for the court sitting in the trial of the case; and, as the court in the case at bar has found in favor of the plaintiff upon this issue, its findings will not be disturbed in the absence of a preponderance of evidence against them.

It is further contended by the appellant that the provision allowing interest on the note after maturity was in effect allowing interest to be compounded. This contention is untenable. The provision in contracts for the payment of a simple interest upon accrued interest on notes and obligations does not in this state constitute usury. This question was decided by the late territorial Supreme Court in Hovey v. Edmison, 3 Dak. 449, 22 N. W. 594. In that case it was held by the court that a promissory note providing for the payment of interest annually, and stipulating that each annual installment of interest not paid when due should bear interest at a specified rate from the time it fell due until paid, was valid and legal. This has since been the law in this territory and state, and we see no reason for overruling that decision, and hence it may be regarded as the settled law of this state. We fully recognize the law contended for by the counsel for appellants —that, when a scheme is intentionally devised by the lender of money to extort from the borrower a larger amount of interest than the law permits to be reserved or taken, it is the duty of the court to declare the interest forfeited; but where, as in this case, there was clearly no such intention, and the illegal

interest, if any, was reserved by mistake, simply, and not with any intention of evading the statute, it would be manifestly unjust and inequitable, and this court would be very reluctant, to declare the interest forfeited in such a case. It clearly appears from the testimony of the defendant Mrs. Wallace that her husband, Mr. Wallace, acted as her agent in the transaction. In her testimony she says: "I had no talk with Mr. Price except when the notes became due and he came in to collect them. That was after they had been executed. I never talked to Mrs. Goodale at all, in any shape, until a year ago this winter. Mr. Price acted for her." She further says in regard to her husband: "He acted for me in arranging with Mr. Price for the loan, and he delivered the notes after they were signed by me to Mr. Price."

It is further contended by the appellants that as there was a stipulation in the mortgage that if the mortgagors should fail to pay any portion of the above-mentioned sum, either principal or interest, promptly at the times they should become due, the whole sum—both principal or interest, —should at once become due and collectible, therefore the contract was clearly usurious, as the whole amount of the principal of the notes would become due and payable upon default in the payment of the first note; but this contention is untenable, for the reason that such stipulation is in the nature of a penalty from which the mortgagors could relieve themselves by a prompt payment of the notes when due. Webb on Usury, § 120; 2 Am. & Eng. Ency. Law, p. 486. The author, in speaking of this class of cases, says: "So, if the provision for the payment of excessive interest is dependent on contingency which the borrower may avoid by

paying the debt, with legal interest, the loan will not be deemed usurious." State v. Elliott, 61 Kan. 518, 59 Pac. 1047; Tholen v. Duffy, 7 Kan. 405. A similar clause is frequently inserted in mortgages, but the stipulation has never been held as constituting a contract for the payment of usurious interest, so far as our researches extend.

It is further contended by the appellant that there is compound interest in these notes, and therefore the case comes within the principle of the case of Drury v. Wolfe et ux., 134 Ill. 294, 25 N. E. 626, but in our view the case at bar is not analogous to that case. There it is clear, as stated by the court, that the effect of the computation was to charge compound interest, and that the amount of those several notes could only be reached by compounding the interest. In the case at bar, however, no compound interest seems to be included in the notes; but the effect of the transaction would seem to be simply providing for the payment of the interest monthly as it should become due, and providing for the payment of such interest monthly would not be an evasion of the usury law, as it is perfectly competent to provide for the payment of interest annually, quarterly, or monthly. See Am. & Eng. Ency. Law, p. 492, vol. 29; also Meyer v. City of Muscatine, 1 Wall. 384; Hatch v. Douglas, 48 Conn. 116; Briggs v. Iowa Sav. & Loan Ass'n, 114 Iowa 232, 86 N. W. 320; Hawley v. Howell, 60 Iowa 79, 14 N. W. 199; Ragan v. Day, 46 Iowa 239.

We have not deemed it necessary to cite authorities, as the law governing this class of cases seems to be well settled that, where there is an intention on the part of the contracting parties to reserve or receive interest in excess of the sum allowed by statute, the interest, under our law, is forfeited, but where

19 S. D.—27

the excessive interest is reserved or taken under an honest mistake, with no intention on the part of the parties to violate the statute, no such forfeiture will result.

The judgment of the court below and order denying a new trial are affirmed.