MANLEY, Respondent, v. BIDWELL, Appellant.

(220 N. W. 482.)

(File No. 6284. Opinion filed July 14, 1928.)

M. Q. *Sharpe,* of Kennebec, *Wm. Williamson,* of Custer, and *Jones, Matthews & Fitzpatrick,* of Sioux Falls, for Appellant.
*Kirby, Kirby & Kirby,* of Sioux Falls, for Respondent.

BROWN, J. On October 18, 1918, the owner of 160 acres of land in Jones county, S. D., mortgaged it to F. A. Bidwell to secure a note or mortgage bond for $500 due November 1, 1923, with interest at 7 per cent per annum, payable annually. On December 31, 1928, respondent bought the land, and, by a clause in his deed, he assumed and agreed to pay the mortgage. Bidwell, a resident of Mitchell, S. D., lived temporarily at Glendale, Cal., for some time before and after the maturity of the mortgage. Respondent lived at Sioux Falls. On October 4, 1923, Bidwell wrote respondent reminding him of the due date of the mortgage, and respondent, who had $2,000 in checking account in Sioux Falls National Bank, directed the bank to pay the mortgage.

On October 29th, the bank wrote Bidwell inclosing a satisfaction of the mortgage, requesting its execution and return, and stating that the bank would collect and remit. On November 2d, Bidwell replied that it was not his custom to send out loan papers for collection, that the amount due November 1st was $545, which, he said, "bears 10 per cent from November 1, 1923, until paid,"

and he stated that "the amount due" might be sent "to Security Trust & Savings Bank of Glendale, Cal., and the papers will be turned in to that bank."

On November 6th the Sioux Falls bank mailed the Glendale bank a Chicago draft for $545, to be turned over to Bidwell on receipt of the satisfaction and other loan papers. The Glendale bank notified Bidwell, who declined to accept the draft because it was short the interest from November 1st. On November 17th, Glendale bank returned the draft to the Sioux Falls bank, stating that Bidwell says "he is to receive 10 per cent additional from November 1st to date payment reaches him."

On December 8th the Sioux Falls bank returned the $545 draft to the Glendale Bank with another for $6.04 as interest at 10 per cent from November 1st to December 10th, at which latter date it assumed the drafts would arrive at Glendale.

The Glendale bank received the drafts on December 11th or 12th, and the officer having charge of the matter says that presumably he notified Bidwell within a day or two afterward, and such is his best recollection. Bidwell says he did not reecive such a notice, but says he inquired of that officer at the bank about the Manley drafts a couple of times, once about December 7th and again on December 31st. He does not say what response he got to either inquiry.

At the close of the day's business on January 10, 1924, respondent still had about $2,000 on deposit in the Sioux Falls bank, and that bank had on deposit in the Chicago bank on which the $545 and $6.04 drafts were drawn, $4,538.20 in excess of all drafts drawn against the account. The Sioux Falls bank went into the hands of a receiver on the morning of January 11, 1924. On that day Bidwell went to the Glendale bank in response to a notice to call in regard to the Manley mortgage. Bidwell told the assistant cashier, who had charge of this matter, that he had heard that a big bank in South Dakota has closed its doors. The assistant cashier telephoned the Federal Reserve Bank at Los Angeles and learned that the Sioux Falls National Bank had failed. Bidwell refused to accept the drafts, and says he would not have accepted them anyway, because they were insufficient in amount, and the Glendale bank would not credit him with the amount absolutely, but only subject to final payment.

The trial court held that the mortgage debt was paid, adjudged the cancellation and satisfaction of the mortgage, and, from the judgment and an order denying a new trial, this appeal is taken.

■ Appellant argues earnestly that the Glendale bank was respondent's agent to make payment; that this is shown conclusively by the letter of the Sioux Falls bank transmitting the $545 draft to be *turned over* to Bidwell, and directing the Glendale bank to procure and return the loan papers *"and advise us of your charges."* It is unnecessary to analyze the reasoning on this point. Whatever may have been the relation between respondent and the Glendale bank, it is certain that Bidwell expressly and in writing made that bank his agent to receive payment.

In his letter of November 2d, he wrote that Manley "can send the amount due to Security Trust & Savings Bank of Glendale, California, and the papers will be turned in to that bank."

■ Appellant, assuming that the two drafts did not reach Glendale until December 12th, contends that they were 32 cents short of the amount due, and that the principle of "de minimis non curat lex" is not applicable in this case, where Bidwell had once objected to the $545 draft as insufficient. It is unnecessary to decide whether or not that principle is applicable, for it is not involved. The amount of the two drafts was more than was due on the notes on December 12th. The $500 note provides that it "shall bear interest after maturity at the rate of —— per cent per annum until paid." No rate being named, it could not draw more than the legal rate of 7 per cent. Code, § 1039. The interest accruing on the entire obligation after November 1, 1923, was less than 11 cents a day. To December 12th was 42 days, which, at 11 cents, is $4.62. In payment of this $6.04 was sent, $1.42 more than enough.

■■ The contention that the Glendale bank had no authority to accept drafts, but could only accept cash, is untenable. It is out of tune with modern life. When the $545 draft was returned to the Sioux Falls bank because insufficient in amount, no objection was made that it was in form of a draft, and not in currency or coin. There was even an implied approval of the form of the remittance, for it was said, in the letter returning the $545 draft, "Mr. Bidwell * * * states that he is to receive 10 per cent *additional,* from November 1st to date payment reaches him," thus in-

dicating that the same draft, with the interest additional, would be accepted.

The judgment and order appealed from are affirmed.

BURCH, P. J., and POLLEY and SHERWOOD, JJ., concur..

CAMPBELL, J., concurs in the result.