[File No. 6473.]

SECURITY CREDIT COMPANY, a Corporation, Respondent, v. GEO. WIEBLE and Barbara Wieble, Appellants.

(272 N. W. 750.)

Opinion filed April 8, 1937.

*C. F. Kelsch,* for appellants.

*George F. Shafer,* for respondent.

Morris, J. This is an action on a promissory note in the amount of $177.15. The defendants admit the execution of the note and the fact that it has not been paid, and allege as a defense that in procuring the note upon which the suit is brought the plaintiff knowingly computed and charged interest on overdue interest in violation of that part of chapter 159, Session Laws of North Dakota for 1935, which provides, "that any contract hereafter made, to pay interest on interest overdue shall be deemed usury."

The complaint discloses that the note when made included $130.00 past due principal and $47.15 accrued and overdue interest. The plaintiff demurred to the defense set up in the answer upon the ground that it fails to state facts sufficient to constitute a defense. The District Court sustained the demurrer and the defendants appeal.

The defendants claim that the statute above quoted makes a note usurious which includes interest that was past due at the time of the making of the note. The plaintiff contends that a note may be taken for interest which is past due at the time the note is given without violating the usury statute. The issue thus presented is as to the construction of chapter 159, Session Laws of North Dakota for 1935, which defines usury. If the note in question be usurious it is because of the statute and not because of any general rule of law.

In 1890 the Legislature passed "An Act Defining Usury and the Penalty for Taking the Same" (chapter 184, Session Laws of North Dakota for 1890) wherein it provided, "any contract to pay interest not usurious upon interest overdue shall not be construed to be usury." This provision, with a slight change in wording, remained in the law until 1933 when the Legislature, by chapter 140 of the Session Laws of that year, adopted the provision involved in this lawsuit, which was later incorporated in chapter 159, Session Laws of North Dakota for 1935.

The general rule is that if interest is not paid when it becomes due it is a debt of substantially the same nature as the principal. The creditor may forbear to enforce the collection of past due interest and

instead accept the promise of the debtor to pay it with lawful interest thereon. 27 R. C. L. 229; 66 C. J. 217. Whether, in the absence of specific statutory authority, a nonusurious agreement can be made before interest is due to pay interest on overdue interest is an entirely different question upon which there is a wide diversity of opinion in the courts of the various states. When the usury statute was enacted in 1890 the Legislature did not leave that question to be settled by the courts in this state, but provided specifically that a contract to pay such interest was not usury. The Legislature, by this enactment, must have had in mind the settling of a question which might result in controversy in the courts rather than the mere declaration of what was generally held to be the law. In other words, the purpose of that enactment was to establish the legality of contracts to pay interest on interest that had not yet become past due, rather than upon interest that was already overdue when the contract was made, for there was little question that interest could be contracted to be paid upon interest that was already overdue.

In 1933, after a lapse of forty-three years, the Legislature reversed the policy which it had adopted in 1890. It changed the law by changing a few words therein and making it read, "Any violation of this Section shall be deemed usury; provided, that any contract hereafter made, to pay interest on interest overdue shall be deemed usury." It thus prohibited that which formerly it had permitted to be done, namely, to contract for the payment of interest on interest which might in the future become overdue. It did not, thereby, change the general rule that such interest could be contracted for on interest after it became past due.

It is argued that the Legislature could easily have expressed itself so as to limit the act to contracts to pay interest upon interest not yet due at the time the contract was made if that had been the intention, and since the Legislature failed to so limit the act, we must give its language the meaning contended for by the defendants. This argument loses much of its force when we compare the clause under discussion before and after its amendment. The provision in chapter 274, Session Laws of North Dakota for 1927 that any contract "to pay interest *not usurious* on interest overdue shall *not* be deemed

usury" was amended by deleting the words which we have italicized, thus leaving the clause in its present form. By this deletion the Legislature undoubtedly intended to remove its sanction of contracts which provided that interest, after it became due, should bear interest and place them under the ban of the usury statute, but did not intend to make usurious a provision for interest in a contract by which the creditor forbore the collection of interest already due and granted the debtor further time for the payment thereof.

We are further led to thus determine the legislative intent by the fact that interest is provided by statute on judgments (chapter 159, Session Laws of North Dakota for 1935). Judgments may and generally do include interest on the debt up to the time of rendition and thereafter bear interest on the whole amount at the statutory rate. A construction of the usury statute imputing to the Legislature an intent to prohibit parties from contracting for the result that might be obtained by operation of law in event of suit and judgment, calls for inconsistent reasoning and gives to the words of the Legislature an inconscient meaning. It does not seem reasonable that the Legislature intended to make usurious an agreement to pay interest on the $47.15 overdue interest which the Wiebles owed to the plaintiff, yet would permit the plaintiff to obtain a judgment against Wiebles for this same sum, which judgment would bear interest on overdue interest as well as the principal included therein.

The rule contended for by the defendants would discourage forbearance on the part of creditors who instead of extending further time to debtors who could not pay interest when due would be impelled to sue and obtain judgment. In view of the statutory history of the provision in question, and the purpose of the legislative act of which it is a part, we have reached the conclusion that chapter 159, Session Laws of North Dakota for 1935 does not make usurious a contract to pay interest at a lawful rate on interest that is overdue at the time the contract is made.

Affirmed.

CHRISTIANSON, Ch. J., and BURKE, NUESSLE, and BURR, JJ., concur.