WIELAND, Respondent v. LOON, Appellant

(116 N.W.2d 391)

(File No. 9957. Opinion filed August 1, 1962)

**Le Roy S. Lassegard, Miller, Kaye & Hanson,** Mitchell, for Defendant and Appellant.

**Danforth, Bleeker & Carlson,** Alexandria, for Plaintiff and Respondent.

BIEGELMEIER, J. Defendant executed a note to plaintiff on a printed form; some of the blanks were filled in with written interlineations. The result is substantially set out as follows:

"Mitchell South Dakota March 1 1954 No. _____
To pay 2500.⁰⁰ Every 30 days from Date until Date on

the _____day of _____promise to pay to the order of WILLIAM WIELAND $26,000.⁰⁰ Twenty six Thousand and no /DOLLARS value received, with interest thereon at the rate of 8% per cent per anum payable annually from _____until due. Should any of the principal or interest not be paid when due it shall bear interest at the rate of _____per cent per annum, payable _____annually, until paid. The makers and endorsers of this note severally waive presentment and notice of protest and guarantee its payment at maturity or any time thereafter.

26,000.⁰⁰/100

/s/ M. A. LOON"

No payments were made on this note. On March 1, 1958 the parties met at a law office and discussed the indebtedness. An exhibit in plaintiff's handwriting showed his computations of the amount due; the method used by him was to figure 8% interest on the $26,000 for a year, then add that interest to the principal and figure 8% thereon. While the correct mathematical result by this method is $35,372.71, because of errors, the exhibit shows he claimed $36,539.04 due of which $10,539.04 was interest. The same sheet lists defendant's computation of simple interest at 8% for the four years to be $8,240; this is also an error, as defendant agrees it should be $8,320. Using plaintiff's $10,540 and defendant's $8,240 as bases, the difference was compromised to make the interest $9,300 and the total $35,300. They signed a Memorandum of Agreement which provided defendant acknowledged the indebtedness of $35,300; an additional $405 was 6% on postdated checks. Defendant agreed to liquidate it by four postdated checks for $1,000, three for $5,000 and a note for $16,705 due in one year. The four $1,000 checks were paid. This action is on the note and the three $5,000 checks. Defendant's amended answer alleges the indebtedness included usurious interest thereby forfeiting all the interest of $9,300. A reply by plaintiff set out the written settlement agreement. Trial was to the court which entered findings of

fact, conclusions of law and a judgment for plaintiff for the full amount of the note and checks with interest from their respective dates. As the facts are not in dispute, the question is one of law.

SDC 38.0109 defines usury:

> "The highest rate of interest which it shall be lawful for any person to take, receive, retain, or contract.for in this state, shall be eight percent per annum, and at the same rate for a shorter time, and in the computation of interest, the same shall not be compounded. Unless, within the above limitation, there is an express contract in writing fixing a different rate, interest is payable. on all moneys at the rate of six per cent per annum, after they become due on any instrument of writing, including a judgment and on moneys lent, or due on any settlement of accounts, from the day on which the balance is ascertained, and on moneys received to the use of another and detained from him."

SDC 65.0201(4) declares:

> "Compound interest, interest added to the principal as the interest becomes due, and thereafter made to bear interest;"

It appears the March 1, 1954 note of $26,000 required defendant to pay $2,500 of the principal every 30 days from its date; this would require ten such payments and the balance of $1,000 as the eleventh payment, about February 1, 1955. The note provided interest at 8% on the principal "until due". The interest on all these principal payments to the date they were due was $990; as interest was payable annually this sum, with interest on the unpaid installments, came due by March 1, 1955.

The space in the note for the interest rate on the principal and interest not paid "when due" was left blank. No rate being named, it could not draw more

than the legal rate of 6% after date. SDC 38.0109; Manley v. Bidwell, 53 S.D. 282, 220 N.W. 482. Six per cent interest on each $2,500 installment from due dates to March 1, 1955 is $817.50, which with the $990 interest accrued before due totals $1,807.50. Therefore the principal of $26,000 and interest of $1,807.50, a debt of $27,807.50, was due March 1, 1955. Six per cent simple interest for three years to March 1, 1958 adds $5,005.35 and made $32,812.85 then due; the total interest is $6,812.85. Using 8% the total interest is $8,819.20. The 1958 settlement agreement of $35,300 included $9,300 accrued interest and exceeds either of these amounts. Plaintiff recognizes this problem in his brief supporting this finding. After stating the issue raised is the claim the $9,300 was interest computed at a rate exceeding 8%, plaintiff says:

> "It is a matter of mathematics, the computation of interest at eight (8%) percent on Twenty-six Thousand ($26,000.00) Dollars for four years is more than Nine Thousand Three Hundred ($9,300.00) Dollars, providing the interest is added to the principal at the end of each year, and thereafter made to bear interest. If the interest is computed at eight (8%) percent per annum, without adding interest to the principal at the end of each year and made to bear interest, then interest computed in such a manner for four years would be less than Nine Thousand Three Hundred ($9,300.00) Dollars. As the issues were framed by the pleadings in this case, the only question for the Court to determine was whether or not the interest could be added to the principal at the end of each year, and thereafter made to bear interest."

If this stated the issues, plaintiff could not prevail as affirmance on that basis would be 8% interest compounded which is prohibited by SDC 38.0109. Defendant's brief on the other hand contains computations to support conclusions of 8.5% to 12.6% interest rates. Neither

of these premises accurately sets forth the problem presented by the record.

 "Simple interest" is straight interest computed on the principal from the time interest is to commence to the time of payment or judgment. "Compound interest" is .interest added to the principal as the interest becomes due, and thereafter made to bear interest. SDC 65.0201(4). There is another recognized form of interest. "Annual interest" is simple interest figured on each year's unpaid interest from the time it becomes due to the date of judgment and at the rate provided by the terms of the contract. These have long been recognized in our jurisdiction, Hovey v. Edmison, 3 Dak. 449, 460, 22 N.W. 594, 599 and elsewhere. 37 A.L.R. 326. In Hovey our Territorial Court expressly approved the annual interest computation method, terming it a middle course. The parties could have agreed that interest be paid annually so as to make it due and bear simple interest thereafter, when the rate of interest is within the limits provided by law. See Goodale v. Wallace, 19 S.D. 405, 103 N.W. 651. The interest at 8% on $26,000 is $2,080 annually. The parties thus could have agreed this interest be paid annually previous to maturity of the principal sum and if not paid that it bear simple interest thereafter. Simple interest on these annual payments is $998.40, which added to the four $2,080 annual interest payments total $9,318.40. It being within the interest limits which the parties could have contracted on March 1, 1954, was it usury on March 1, 1958 to then agree to pay a total that did not exceed the amount so computed even though it exceeded the correct amount due? In our opinion, they could so agree and not offend the statute on usury. Cf. Security Credit Co. v. Wieble, 67 N.D. 407, 272 N.W. 750; 37 A.L.R. 328. The parties may have mistakenly agreed to much more than the amount legally due but usury was the only defense raised by the answer, considered by the trial court or here. The difference of $54.31 in the result reached by applying the annual rate approved in the Hovey opinion of $9,318.40 and of the compound usury result of $9,372.71 may seem difficult to justify but as was

said by Chief Justice Wait, "Our province is to decide what the law is, not to declare what it should be \* \* \* If the law is wrong, it ought to be changed; but the power for that is not with us." Minor v. Happersett, (U.S.) 21 Wall. 162, 178, 22 L.Ed. 627, 631. The legislature has defined usury and this court construing the statutes has referred to it as settled law. Goodale v. Wallace, supra. We abide by it.

■ ■ Newly discovered evidence was one of the grounds upon which the application for a new trial was claimed. SDC 1960 Supp. 33.1605(4). The affidavits attached to the application set out many prior notes, checks and dealings of the parties going back to 1949 to support defendant's claim of usury or overcharges of interest on these transactions; that while original counsel for defendant had participated in Wieland-Loon dealings, additional counsel employed three months before trial had no knowledge of them other than disclosures made by defendant and his accountant; that not until the trial did defendant disclose to his counsel his claim of usurious interest was also included in the $26,000 and not until after the trial did he bring the prior notes and checks to his attorneys as evidence of it. Applications for a new trial must show the moving party could not with reasonable diligence have obtained and produced the proof at the trial. Behringer v. Muchow, 72 S.D. 80, 30 N.W.2d 5. Evidently the trial court was of the opinion this evidence was in defendant's possession and with reasonable diligence he could have produced and used it at the trial. The ruling being addressed to the trial court's sound judicial discretion, it will not be disturbed on appeal except for manifest abuse. Piper v. Barber Transportation Co., 79 S.D. 353, 112 N.W.2d 329. The record does not show such an abuse.

Other of defendant's one hundred nineteen assignments of error have been examined and show no prejudicial error.

Affirmed.

All the Judges concur.