COFFEY, Appellant, v. BOSLER, et al, Respondents.

(266 N. W. 424.)

(File No. 7932. Opinion filed April 7, 1936.)

W. J. Hooper, of Gregory, for Appellant.
Windsor Doherty, of Winner, for Respondent.

CAMPBELL, J. Plaintiff owned and held a promissory note executed by the two defendants Bolser, dated April 30, 1930, due April 30, 1935, secured by second mortgage on certain real prop-

erty. The mortgage contained the usual acceleration clause applicable in case of failure to pay interest on the note as and when due, or failure to pay taxes against the realty. Defendants had never paid any interest nor any taxes subsequent to the execution of the mortgage. In August, 1934, plaintiff, electing to declare the mortgage past due by virtue of the acceleration clause, instituted action in the circuit court of Bennett county for the foreclosure thereof and for personal judgment on the note against the Bolsers, in which action the complaint (drawn by other counsel than now represents appellant) was as follows:

"Comes now the plaintiff above named and for a cause of action against the above named defendants alleges:

"1st. That on the 20th day of April, 1930, at the City of Martin, S. Dak., the above named Bolsers entered into a contract in writing whereby and wherein they both agreed to buy and purchase of the plaintiff and then and there did buy of said plaintiff the lands hereinafter described, agreed to pay and did pay to plaintiff the sum of $24,500.00 therefore and that as a part of the purchase price thereof said Bolsers did make, execute and deliver to plaintiff their real estate mortgage covering said described lands and real estate subject to a real estate mortgage of the sum of $8,500.00 then thereon existing.

"2nd. That at all times of the dates hereinafter mentioned the defendant Bennett County, South Dakota, was a duly organized County of the state and existing as such ever since the month of April, 1912, and is such now.

"3rd. That on the 30th day of April, 1930, the above named defendants the Bolsers, at Martin, S. Dak., did make, execute and deliver to said plaintiff their promissory note in writing whereby and wherein each of them promised to pay plaintiff the sum of $4,000.00 on or before five years from said date with interest thereon at the rate of six per cent per annum from said date or date of said note.

"4th. That to secure the payment of said $4,000.00 with interest thereon said defendants Bolsers did make, execute and deliver to plaintiff their real estate mortgage to said plaintiff and thereby did mortgage to plaintiff the following described real estate or lands then situated in Bennett County, South Dakota, as follows, to-wit:

"All of section six, Township 35, Range 39; the north half of section 7, Township 35, Range 39; the northeast quarter of section two, Township 35, Range 40; the north half and the north half of the south half of section twelve, Township 35, Range 40; the northeast quarter of section 34, Township 36, Range 40, and all of section 35, Township 36, Range 40.

"5th. That said mortgage was so executed and acknowledged so as to entitle it to be recorded and that it was duly filed for record in the office of the Register of Deed of said Bennett County on the 14th day of November, 1930, and recorded in Book 4 of mortgages at or on page 572 thereof.

"6th. That said mortgage contained a provision and condition that in case of default in the payment of the principal sum secured by said mortgage or the payment of the interest due as therein provided for, or that in case of the failure to pay taxes assessed against the lands herein described in said mortgage when such became due, then said note and mortgage would become due and payable at the option of this plaintiff and that defendants Bolsers have never paid the interest due as provided by said mortgage and note secured by the same and that they have also failed and refused to pay the sum of $1,135.17 taxes duly assessed by the assessing officers of said Bennett County which are taxes for the years of 1930, 1931, 1932 and 1933 and all of which are now delinquent and unpaid and that by reason of said failures to pay interest now past due and said taxes plaintiff does hereby proclaim the whole sums due provided for in said note and mortgage and that there is now due the said principal sum of $4,000.00 together with interest thereon from the 30th day of April, 1930, at the rate of six per cent per annum.

"7th. That no proceedings at law or otherwise have ever been instituted for the recovery of said sum of four thousand dollars nor the interest thereon.

"8th. That said mortgage provided for the payment of attorney's fees in the case of foreclosure as by statute in such case made and provided.

"9th. That plaintiff is still the owner and holder of said note and mortgage.

"10th. That the taxes mentioned before herein to the amount

of $1,137.17 due to said Bennett County as taxes is inferior to the lien of this plaintiff, and that this plaintiff makes hereby no personal claim against defendant Bennett County.

"Wherefore, plaintiff demands judgment against the defendants Bolsers for the sum of four thousand dollars with interest thereon from the 30th day of April, 1930, and such further sum as attorney's fees for foreclosing this mortgage; that said mortgage be declared adjudged and decreed to be a lawful and valid lien upon and against the land as mortgaged and that said mortgage may be foreclosed; that all parties claiming under said defendants subsequent to the commencement of this action may be forever barred and foreclosed from any and all rights, claim, lien, equity of redemption in said mortgaged premises, that said land so mortgaged may be decreed to be sold as by statute in such case made and provided and that the same may be sold by the Sheriff of said Bennett County and that it may be further decreed that out of the moneys of such sale the plaintiff and his attorney be paid the sum found due by said judgment, including all the costs and disbursements of this action and that said plaintiff or any other party to this action may become purchaser at said sale and that the sheriff of said Bennett County execute to the purchaser at such sale a certificate of said sale and that unless said premises be redeemed according to law then said sheriff execute and deliver to the holder of said certificate of sale a sheriff deed therefor and that said purchaser and holder of the said deed be let into possession of the premises so mortgaged upon the production of such deed, and for such other and additional relief as may be just and right in the premises."

Personal service was had upon the defendants within the county on August 7, 1934, and they defaulted. Thereafter plaintiff made a showing to the court that the first mortgage on the premises had been foreclosed, the foreclosure judgment being for something more than $10,000, and that the realty involved was worth appreciably less than that amount and that there was no equity whatsoever in the premises for the second mortgage. For this reason, plaintiff waived judgment of foreclosure and asked and received personal judgment against the Bolsers as by default for the face of the promissory note with accrued interest. Such

judgment was entered and filed in the office of the clerk on October 20, 1934. On October 18, 1935, upon application of defendants Bolser, the circuit court of Bennett county issued its order entitled in the case of Coffey v. Bolser, requiring plaintiff Coffey to show cause why said judgment should not be set aside and vacated as wholly void. Coffey appeared pursuant to said show cause order and resisted the application to vacate, but after hearing, and on December 6, 1935, the court made and entered an order setting aside and vacating said judgment, and awarding the Bolsers certain other relief in other matters asked for in their application for the show cause order, none of which is material to the present issue. From so much of the order of December 6, 1935, as vacated the judgment which he had previously secured against the Bolsers, plaintiff Coffey, has now appealed to this court.

Respondents filed no affidavit of merits and have not at any time or in any manner suggested that they have or claim any defense on the merits as against the $4,000 promissory note for which the default judgment was taken. They did not proceed for relief from this judgment in the court below under section 2378, Rev. Code 1919, on the ground that it had been entered against them through their "mistake, inadvertance, surprise or excusable neglect," but proceeded on the theory that the judgment was absolutely null and void and subject to collateral attack at any time or place and in any manner.

Both parties concede, as a matter of law, that the advancement of the due date of the mortgage by virtue of the acceleration clause therein did not, under the circumstances of this case, accelerate the note so as to authorize a personal judgment thereon prior to the due date according to its face and terms. Birken v. Hickey (1920) 42 S. D. 472, 176 N. W. 137, 140; Rasmussen v. Hodges (1927) 52 S. D. 100, 216 N. W. 862.

Respondents submit that under section 2564, Rev. Code 1919, the relief granted to a plaintiff upon default "cannot exceed that which he shall have demanded in his complaint," and maintain, in substance, that the complaint was not a complaint for a personal judgment upon the note at all, but was solely and exclusively a complaint for the foreclosure of the mortgage, and that consequently the circuit court exceeded its power and authority when

upon the default it granted a judgment on the note. With this interpretation of the complaint by respondents, we are unable to agree. The mere fact that it may appear from the complaint that the note was not yet due (which fact, if properly taken advantage of by the defendants, would be a complete bar to the action by way of abatement) does not in any manner prevent the complaint from being a complaint upon the note. While perhaps the complaint might have been more artistically drawn, an inspection thereof satisfies us that it is in general in the form customary in this state where plaintiff seeks both a money judgment upon a note and a foreclosure of a mortgage securing the same. Certainly if defendants read this complaint, they could not believe anything but that the plaintiff was seeking both the foreclosure of a mortgage and a personal money judgment against them. The complaint specifically states that as against the defendant Bennett county (as distinguished from the defendants Bolser) the plaintiff makes no personal claim and the prayer for judgment definitely recites that plaintiff demands a money judgment against the defendants Bolser for the sum of $4,000 with interest, etc. It seems too clear for serious argument that a money judgment against the Bolsers upon the note is embraced in the relief demanded by plaintiff in this complaint within the meaning of section 2564, Rev. Code 1919.

Appellant maintains that this complaint is both for the foreclosure of the mortgage and for a money judgment upon the note and concedes that, so far as concerns the judgment upon the note, it may be held to appear from the face of the complaint that the action is prematurely brought. We think appellant's interpretation of the complaint is correct.

The question then is as to the effect upon the default judgment upon the note of the fact that it appears from the face of the record that the action (in so far as it was an action for money demand) was prematurely brought. Respondents urge that such fact renders the judgment void in its entirety, while appellant maintains that the prematurity of the action was at most a mere irregularity.

Here again we think appellant is clearly right in his position and we need not discuss the matter at any length nor go outside the decisions of this court. Undoubtedly, if respondents, instead

of defaulting, had properly interposed in the circuit court the defense of prematurity of action either by demurrer or by other apt means as the circumstances of the case might have required, they would have had (as appellant freely concedes) a good plea in bar. That was the situation in Rasmussen v. Hodges, supra, where the point of prematurity of action was raised in the trial court by demurrer. The defense of prematurity of action, however, as pointed out in Birken v. Hickey, supra, is "a plea in abatement— a dilatory plea—one that is looked on with disfavor." The matter is settled, we think, for this jurisdiction by the decision in Stockman's Bank v. Lytle (1928) 53 S. D. 424, 220 N. W. 857. In that case this precise point was attempted to be raised for the first time by way of direct attack upon appeal from the judgment and this court definitely stated the rule that objection to the premature commencement of an action must be made in the court below and cannot successfully be urged for the first time on appeal. If prematurity of action cannot be raised on appeal (not having been raised in the court below), then a fortiori the fact that the action was prematurely brought does not render the judgment void or subject to collateral attack.

It seems to us very clear that the portion of the order appealed from was erroneous and it is therefore reversed.

All the Judges concur, excepting POLLEY, P. J., not sitting.