FIRST TRUST & SAVINGS BANK, Respondent; v. McVEIGH, Appellant.

(211 N. W. 446.)

(File No. 5819.   Opinion filed December 31, 1926.)

**1.   Appeal and Error—Bills and Notes—On defendant's Appeal from Judgment Only, In Action on Note Not Due, Unless by Terms of Mortgage Securing It, Supreme Court Was Required to Presume Note Not Negotiable, and Suit Not Premature.**

On defendant's appeal from judgment only, in action on note not yet due, where plaintiff pleaded that note was secured by mortgage containing acceleration clause, and where note was not contained in pleadings ànd judgment roll was not made part of record, Supreme Court was required to presume that note was not negotiable.

**2.   Contracts—Writings Constituting Part of Same Contract Should Be Construed Together.**

Where two writings are executed as a part of one and the same contract, they should be construed together.

**3.   Contracts—Writings Construed Together Are Construed in Conformity with Intent of Parties.**

In construing together separate writings constituting part of same transaction, intent of parties will be preserved and enforced.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Appeal and error. Key-No. 909(5), 4 C. J. Sec. 2666; (2) Contracts, Key-No. 164, 13 C. J. Sec. 487; (3) Contracts, Key-No. 147(1), 13 C. J. Sec. 482.

As to when several instruments constituting single transaction are to be construed together, see 6 R. C. L. 850, 2 R. C. L. Supp. 227, 4 R. C. L. Supp. 446, 5 R. C. L. Supp. 373, 6 R. C. L. Supp. 415.

Appeal from Circuit Court, Marshall County; Hon. ROBERT D. GARDNER, Judge.

Action by the First Trust & Savings Bank against B. W. McVeigh. Judgment for plaintiff, and defendant appeals. Affirmed.

*W. H. Morgan,* of Britton, for Appellant.

*Buell F. Jones,* of Britton, and *Fuller & Robinson,* of Pierre, for Respondent.

BURCH, J.   Plaintiff sues to recover upon a promissory note which on its face is not due, but pleads in its complaint that the note was secured by a real estate mortgage containing a clause providing that, in case of default in the terms of the mortgage, the whole debt shall become due and payable at the option of the holder of the mortgage; that default was made in the terms of the mortgage, and plaintiff elected to declare the debt due.   Defendant demurred to the complaint.   The court overruled the demurrer and allowed defendant 30 days in which to answer.   Defendant did not answer within the 30 days, or take any other action, and at the expiration of that time plaintiff applied to the court and obtained judgment.   Defendant has appealed from the judgment alone, and makes but one assignment of error, namely, that "it appears upon the face of the complaint that the note sued upon was not due by the terms thereof until March 1, 1924, more than eight months subsequent to said action, which was prematurely brought, and the judgment made, filed, and entered herein is illegal, void, and of no legal effect."

[1]  Appellant relies upon the holding in Birken v. Hickey et al, 42 S. D. 472, 176 N. W. 137, wherein it was held that a negotiable promissory note could not be rendered due by provisions of a mortgage securing the note.   Respondent concedes the law as stated in the Birken v. Hickey Case, but claims that it is not applicable to the case at bar for two reasons, namely; that the complaint does not disclose that the note was negotiable, and, the judgment roll not having been incorporated as a part of the record, every presumption should be indulged in favor of the jurisdiction of the court to render the judgment; and, second, that the court is not without jurisdiction over an action prematurely commenced, but that the time of commencing such action may be waived.

[2, 3]  In the case of Birken v. Hickey et al, supra, this court did not overlook the universal rule that, where two writings are executed as a part of one and the same contract, they should be construed together, but held that in construing the two writings the intent of the parties is controlling, and where a note given, negotiable in form, makes no reference to a mortgage securing it, a clause in the mortgage providing for the maturing of the debt, at the option of the holder of the note, if default be

made in the terms of the mortgage, will not be construed to accelerate the due date of the note, because to do so would render the note nonnegotiable, thereby defeating the clear intent of the parties to give and receive a negotiable note. In other words, in construing the two writings together the intent of the parties will be preserved and enforced.

In this case the note is not set forth in the pleadings, nor is there a judgment roll as a part of the record, from which the form of the note may be ascertained. In this condition of the record we cannot construe the two writings together, and say what the intent of the parties was. We must therefore indulge the presumption that the court had jurisdiction to render the judgment. As this is determinative of the case, it will not be necessary to consider other questions.

The judgment appealed from is affirmed.