RASMUSSEN et al, Appellants, v. HODGES et al, Respondents.

(216 N. W. 862.)

(File No. 6362. Opinion filed December 20, 1927.)

*Kirby, Kirby & Kirby,* of Sioux Falls, for· Appellants.

*E. F. Green,* of De Smet, for Respondents.

POLLEY, J. The complaint in this action purports to state four separate causes of action. The defendants demurred to the second and third of said causes of action on the ground that the complaint does not state facts sufficient to constitute a cause of action. The demurrers were sustained and plaintiff appeals.

The second cause of action states that on the 1st day of March, 1925, the defendants executed and delivered to plaintiffs a certain promissory note whereby defendants agreed to pay plaintiffs the sum of $32,486 on the 1st day of March, 1940, with interest thereon at the rate of 5 per cent per annum from date until paid. And to secure the payment of the said note defendants at the same time executed and delivered to plaintiff a mortgage, referred to as Exhibit A, on a half section of land in Kingsbury county. This mortgage contained the following clause:

"In case of default in the payment of said principal sum of money or any part thereof or interest thereon at the time or times above specified for payment thereof, or in case of nonpayment of any taxes, assessments, or insurance as aforesaid, or of breach of any covenant or agreement herein contained, then and in either case, the whole, principal and interest, of said note shall at the option of the holder thereof, immediately become due and payable, and this mortgage may be foreclosed by action, or by advertisement, as provided in title 2, of the Revised Code of the state of South Dakota, and this paragraph shall be deemed as authorizing and constituting a power of sale as provided in said title and any acts amendatory thereof."

At the time of the execution of the said note and mortgage, defendants executed a contract in writing, referred to as Exhibit B, whereby they agreed that on or before the 1st day of June, 1925, they would secure a mortgage for $10,000 on the premises described in the above-mentioned mortgage, that they would pay said sum of $10,000 to plaintiff to apply on the said note. Plaintiffs agreed that, upon the payment of the said $10,000, they would release the said mortgage for $32,486, so that the said $10,000 mortgage would constitute a first lien on the said premises, and defendants agreed that they would then execute a second mortgage on the said premises for the balance of $22,486 still due on the said promissory note.

Defendants failed to secure the said $10,000 mortgage or to make said payment on the said note as provided for in Exhibit B. Plaintiffs claim that this constitutes a default in the conditions of the mortgage. They allege in their complaint:

"That, because of said default on the part of the said defendants, the conditions of said contracts, Exhibits A and B, have been breached, and the said plaintiffs do declare the whole amount of principal and interest upon said promissory note due and owing,"

—and ask judgment for the full amount of the note and foreclosure of the said mortgage.

Where several contracts relating to the same matters, between the same parties and made as parts of the same transaction, they should be considered together and treated as one contract. Section 872, c. 1919; Vinson et al v. W. T. Carter &

Bros. (Tex. Sup.) 161 S. W. 49; Security T. & L. Ins. Co. v. Ellsworth, 129 Wis. 349, 109 N. W. 125; Starr et al v. Vaughn, 113 Okl. 247, 241 P. 152.

██ ██ It is the theory of the plaintiffs that the note and mortgage and the contract Exhibit B all relate to the same subject-matter, and should all be read and considered together. These instruments all relate to the same subject-matter, they are between the same parties, and are made as parts of the same transaction. It was plainly the intent of the parties that the terms of the note and mortgage should be modified by the provisions of the contract Exhibit B. The note and mortgage provided for the payment of the principal on the 1st day of March, 1940, but by the terms of Exhibit B defendants agreed to pay $10,000 on the note on or before the 1st day of June, 1925. The situation is precisely the same as though the provisions of Exhibit B had been incorporated into the mortgage itself, and the failure to pay the $10,000 on or before the 1st day of June, 1925, constituted a default in the payment of that much of the principal sum, and under the provision of the mortgage above set out, for the purpose of realizing on the mortgage security, but for that purpose only the whole amount secured must be treated as becoming due at the option of the plaintiffs.

But, in Birken v. Hickey, 42 S. D. 472, 176 N. W. 137, we held that an acceleration clause in a mortgage, where there was no such clause in the note secured thereby, did not render the whole amount due for the purpose of fixing a personal liability against the maker of the note. For the purpose of a personal judgment, or a "deficiency" judgment, maturity of the debt must be determined by the provisions of the note.

In their brief, defendants say:

"The promissory note and the contract are contradictory as to the maturity of the note, and one instrument could not interpret the other."

It is true that the terms of the note and contract are contradictory, but that is true in all cases where one contract is entered into for the purpose of modifying the terms of another.

Upon the facts alleged in plaintiffs' second cause of action, they are entitled to a decree determining the amount of the principal and interest on the note at the date of the decree, that the

mortgaged premises may be sold to satisfy such amount, or so much thereof as the proceeds of the sale, after payment of costs and expenses properly chargeable will satisfy; if the amount so realized is less than the $10,000 provided for in Exhibit B, with interest at 5 per cent per annum to date of sale, that plaintiffs have personal judgment against defendants for the deficiency as to $10,000 and such interest, but that no personal or deficiency judgment can be entered on the note until its maturity according to the terms of the note. This disposes of the whole case, and it is not necessary to consider the other issues that are discussed in the briefs.

The order appealed from is reversed.

SHERWOOD, BURCH, and BROWN, JJ., concur.
CAMPBELL, P. J., dissenting.