Alfred **ELLIOTT** and Beverly Elliott,
Plaintiffs-Respondents,

v.

Carl E. **RICHTER**, Defendant-
Appellant.

No. 56354.

Supreme Court of Missouri,
Division No. 1.

July 6, 1973.

John Alpers, Jr., Cabool, for respondents.

Turner, Reid & Duncan, Donald R. Duncan, Springfield, for defendant-appellant.

JOHN R. RICKHOFF, Special Judge.

This is a suit for specific performance of the terms of a writing which respondents contend constitutes a contract between them as purchasers, and the appellant as seller, for the sale and purchase of a 160-acre tract of real property in Howell County, Missouri.

At the inception of the occurrences giving rise to this litigation the appellant, Carl E. Richter, was the owner of a 160-acre tract of land in Howell County, Missouri. Carl Richter and his brother, Willie E. Richter, were owners together (whether as joint tenants or as tenants in common does not appear from the evidence) of a 290-acre tract of land, improved with a residence, in Howell County, Missouri, and separated from the 160-acre tract by a road. The respondents' petition sought relief only with respect to the 160-acre tract.

On July 5, 1969, Carl Richter and Willie Richter and the respondents met at the respondents' home. The respondent, Beverly Elliott, prepared a writing in longhand, which was introduced in evidence as appellant's Exhibit "A". The text of that writing is as follows:

"This is an agreement to sell 290 A Farm, Description 210 A NE ¼, NESE ¼, N ¼ SESE ¼, Sec. 23, Twp. 27, Range 9; 40 A SWNW ¼ Sec. 24, Twp. 27, Range 9; 40 A NWNW ¼ Sec. 25, Twp. 27, Range 9, for the price of $41,500.00 with down payment of $8,500.00, $500.00 cash, plus 1967 ton Ford truck value at $2,000.00. The truck and $500 to be paid to close the deal. Possession of 290 A April 15, 1970, down payment of $8,000.00 to be paid March 15, 1970, balance to be paid at 6% interest on a 15 year loan but payments to set up on a 20 year basis; payments can be made at any time. The deed & abstract will be brought up [to] date on the 290 A–160A.

[Three lines are left blank at this point.]

"160 E ½ SW ¼, W ½ SE ¼, Sec. 23, Twp. 27, Range 9, price $9,000.00— $1,500.00 down payment due March 15, 1970, balance at 6% interest on a 15 year loan but payment to be set up on a 20 year basis; possession of 160 A Sept. 1, 1969. Prepayment can be made at anytime."

No signatures appear on the paper on which the writing is set forth.

All four of the parties then went to the office of a real estate agent who prepared two typewritten writings which were introduced in evidence as respondents' Exhibits 1 and 2, respectively. The text of respondents' Exhibit 1 is as follows:

"REAL ESTATE CONTRACT

"This agreement made and entered into this 5th day of July 1969, by and between Carl E. Richter, the seller, and Alfred E. and Beverly Elliott, the buyer; the term, seller or buyer, may be singular or plural according to whichever is evidence by the signatures affixed hereto; Witnesseth: That the seller, in consideration of the mutual covenants and premises hereinafter contained, hereby agrees to sell and convey unto said buyer who agrees to purchase as herein provided the following described real estate situated in the County of Howell, State of Missouri, to wit:

"E ½ SW ¼ W ½ SE ¼, Sec. 23, Twp. 27, Range 9, containing 160 acres more or less.

"Subject, however, to any restriction, zoning laws or ordinances affecting the said property which are of record, for

the price and sum of Nine Thousand Dollars. Fifteen Hundred Dollars to be paid March 15, 1970, the balance at 6% interest on a 15 year loan but payment to be set up on a 20 year basis. Possession to be delivered Sept. 1, 1969. Taxes to be prorated to the day of closing. Abstract will be brought up to date and the seller will furnish the buyer with a warranty deed.

"In Witness Whereof, said parties hereto subscribe their names.

"Executed in triplicate."

This writing bears the signatures of Carl E. Richter, Alfred Elliott, and Beverly Elliott.

The text of respondents' Exhibit 2 is as follows:

## "REAL ESTATE CONTRACT

"This agreement made and entered into this 5th day of July 1969, by and between Carl E. and Willie E. Richter, the seller, and Alfred E. and Beverly Elliott, the buyer; the term, seller or buyer, may be singular or plural according to whichever is evidenced by the signatures affixed hereto.

"Witnesseth: That the seller, in consideration of the mutual covenants and premises hereinafter contained, hereby agrees to sell and convey unto said buyer who agrees to purchase as herein provided the following described real estate situated in the County of Howell, State of Missouri, to wit:

"NE ¼ NESE ¼ N ¼ SESE ¼, Sec. 23, Twp. 27, Range 9, containing 210 acres more or less; SWNW ¼ Sec. 24, Twp. 27, Range 9, containing 40 acres more or less; NWNW ¼ Sec. 25, Twp. 27, Range 9, containing 40 acres more or less.

"Together with (if any) furnace, lightning and water supply apparatus, fixtures and plumbing equipment, attached linoleum, window shades, venetian blinds, curtain rods, storm sash and awnings. Subject, however, to any restrictions, zoning laws or ordinances affecting the said property which are of record, for the price and sum of Forty One Thousand Five Hundred Dollars, to be paid by the buyer as follows: $500.00 cash plus 1967 ton truck (Ford) valued at $2,000.00—a total of $2,500.00 to be paid July 7, 1969.

"Possession of the 290 acres to be given April 15, 1970, $8,000.00 (Eight Thousand Dollars) to be paid March 15, 1970, with the balance to be paid at 6% interest on a 15 year loan but the payments to be set up on a 20 year basis. No prepayment penalty, and prepayments can be made at any time with the option of the buyer. Taxes will be prorated to the day of closing (March 15, 1970), and the abstract will be brought up to date and the seller will furnish the buyer with a warranty deed.

"In Witness Whereof, said parties hereto subscribe their names.

"Executed in triplicate."

This writing bears the signatures of Carl E. Richter, Willie E. Richter, Alfred Elliott, and Beverly Elliott.

Basically, it is the view of the appellant that the two writings, respondents' Exhibits 1 and 2, constitute a single contract and that this single contract was mutually rescinded by the parties. It is the view of plaintiffs that each of these two writings is independent of the other, and that although one of them was rescinded by mutual agreement, the other remained in force.

Possession of the truck mentioned in respondents' Exhibit 2 was delivered to Willie E. Richter, but title to the vehicle was never delievered nor was the $500 mentioned in that writing ever paid. The

truck was later returned to the respondents and all of the parties thereafter treated the agreement to sell and buy the 290-acre tract as rescinded.

Interrogation of appellant by his attorney with respect to negotiations leading up to the preparation of the writings set forth in respondents' Exhibits 1 and 2, and appellant's Exhibit A, was objected to and the objection sustained. Appellant's attorney did not make any offer of proof. Appellant did testify that it was his intention to enter into only one contract for sale of the two tracts, and it was not his intention to enter into two contracts. Respondents' objections to these questions were overruled.

Under date of August 20, 1969, the appellant entered into a written contract to sell the 160-acre tract to other buyers, and when the respondents learned of that fact they filed this suit for specific performance. In his closing argument respondents' attorney stated that respondents were on that day depositing with the Clerk of the Court a cashier's check in the amount of $1,500, the amount provided by respondents' Exhibit 1, to be paid on March 15, 1970.

The trial court entered judgment for the respondents and decreed, in part, that:

"The Court further finds the real estate contract entered into between Plaintiffs and Defendant on July 5, 1969, is in full force and effect and that Plaintiffs are entitled to specific performance of said contract; that on this date Plaintiffs have deposited the sum of fifteen hundred dollars ($1,500) with the clerk of this court representing the down payment provided in said contract, and that it is advisable and proper under the circumstances that this contract be enforced according to Supreme Court Rule 74.20, V.A.M.R.

"It is therefore decreed that title to the East Half of the Southwest Quarter and the West Half of the Southeast Quarter of Section 23, Township 27, Range 9, Howell County, Missouri, is hereby vested in the Plaintiffs, Alfred Elliott and Beverly Elliott; that Defendant is ordered to furnish to Plaintiffs within fifteen (15) days after this judgment is final [an] abstract of title extended to date covering the East Half of the Southwest Quarter and the West Half of the Southeast Quarter of Section 23, Township 27, Range 9, Howell County, Missouri, showing a marketable title in Defendant and thereafter Plaintiffs shall have ten (10) days within which to have said abstract examined, and should defects appear in said abstract Defendant shall correct same within a reasonable time after receiving written notice of said defects. Upon approval of marketable title by Plaintiffs, Plaintiffs shall deliver to Defendant Plaintiffs' promissory note secured by a first deed of trust on the above described property. Said note shall be in the principal amount of $7,500, bearing interest at the rate of six (6) percent per annum on the unpaid balance from the date this judgment is final. Said note shall be payable at the rate of $500 per year, plus accrued interest; the first $500 principal payment shall be due and payable one (1) year from the date this judgment becomes final, and a like amount of $500 plus accrued interest shall be due Defendant on the same month and day of each successive year thereafter until paid in full. Possession of said land shall transfer from Defendant to Plaintiffs on the date this judgment becomes final. Real estate taxes shall be prorated between Plaintiffs and Defendant as of the date this judgment becomes final.

"It is further decreed and directed that this decree be recorded in the office of the recorder of deeds of Howell County, Missouri, on the date this judgment shall become final and that it stand and operate as a conveyance of the

right, title and interest of Carl E. Richter, the defendant in and to said land described herein."

From that judgment appellant appeals to this court.

Appellant on this appeal makes three contentions: (1) that the trial court erred in sustaining the respondents' objection to testimony relating to negotiations leading up to the preparation of the writings; (2) that the trial court erred in failing to find that the writings constituted a single contract and that the single contract was rescinded by mutual agreement; and (3) that the trial court erred in entering judgment for relief beyond that which was prayed for in respondents' petition and was justified by the evidence.

■ We must reject the appellant's first contention for the reason that no offer of proof was made, and there is therefore nothing before this court to rule upon with respect to this contention. Keeshan v. Embassy Investment Co., 303 S.W.2d 666, 669 (Mo.App.1957), and cases there cited; Heginbotham v. Gann, 365 S.W.2d 56 (Mo. App.1963).

■ With respect to its second contention we think appellant confuses the question of whether the two contracts (respondents' Exhibits 1 and 2) should be construed together with the question of whether they are merged into one contract. The distinction was pointed out by this court in Four-Three-O-Six Duncan Corp. v. Security Trust Co., 372 S.W.2d 16, at page 23 (Mo.1963): "Consequently, even though several instruments relating to the same subject and executed at the same time should be construed together in order to ascertain the intention of the parties, it does not necessarily follow that those instruments constitute one contract, Malmstedt v. Stillwell, 110 Cal.App. 393, 294 P. 41, 42 [1], or that one contract thereby was merged in or unified with another,

17A C.J.S. Contracts § 298, pp. 132, 133. Thus, as a minimum prerequisite to any correct holding that one contract has been merged in or unified with another by reason of the fact that several documents relating to the same subject were executed on the same date, there must be some reasonable basis for finding that the parties so intended."

■ We are unable to agree that there is any reasonable basis for finding that the parties intended that the two instruments signed on July 5, 1969, constituted a single contract so that rescission of one of them would constitute rescission of both. We observe, first, that the ownership of the two parcels of land was not identical and consequently the two contracts were not between identical parties. Although this fact may not, in a proper situation, preclude a merger of two writings executed on the same day, we also observe that the two instruments here in question pertain to the same subject matter only in the general sense that they both pertain to the sale of land. In a more precise sense, they each pertain to different subject matters in that they each provide for the sale of a different parcel of land held, as stated above, in different ownerships. Additional, and more persuasive, factors indicating that the parties intended the two sales to be independent of each other are the facts that a separate consideration is provided to be paid for each parcel of land, and delivery of possession of each parcel was required at a different time. We therefore hold that there is no reasonable basis for finding that the parties intended that the documents be merged into a single contract. The existence of the memorandum (appellant's Exhibit A) does not persuade against this conclusion. It is merely an unsigned memorandum, and from the actions of the parties obviously not intended to represent the actual contractual document. Moreover, it will be noted that even in this memorandum the

provisions of the two transactions are separated, as well as providing separately for the consideration and possession date applicable to each sale.

 As authority for his final contention, appellant cites Brandt v. Farmers Bank of Chariton County, 353 Mo. 259, 182 S.W.2d 281 (1944), and Riley v. LaFont, 174 S.W.2d 857 (Mo.1943). We think neither of these cases is in point here. The *Brandt* case stated the general rule that a judgment of the court must be responsive to the issues tendered by the pleadings, but there is factually no similarity between the situation in this present case and the situation considered by the court in connection with that rule in the *Brandt* case. Riley v. LaFont holds that in an action for ejectment (which is a possessory action) the court cannot adjudicate title. We do not consider the factual situations in either of those cases parallel with the action of the trial court in this case. The relief prayed for in respondents' petition was specific performance. The judgment recited that the contract was being enforced according to Supreme Court Rule 74.20. That rule provides that in an action for specific performance the court may pass title without any act to be done on the part of the appellant. The additional requirements of the decree simply carry out the objective of the court in entering the decree and fall well within the parameters of the general well-accepted rule that a court of equity, having taken jurisdiction, will grant full relief and adopt all necessary means to make its decree fully effective. 49 Am. Jur. Specific Performance, § 170, p. 192; Stierlin v. Teschemacher, 333 Mo. 1208, 64 S.W.2d 647 (1933).

Judgment affirmed.

SEILER and HOLMAN, JJ., concur.

BARDGETT, P. J., not sitting.