PONDEROSA-NEVADA, INC., Appellant v.
VENNERS et al., Respondents

(243 N.W.2d 801)

(File No. 11721. Opinion filed July 2, 1976)

580

**James W. Olson**, of **Wilson, Olson & Goodsell**, Rapid City, for plaintiff and appellant.

**Thomas E. Simmons**, of **Bangs, McCullen, Butler, Foye & Simmons**, Rapid City, for defendants and respondents.

WINANS, Justice.

This is an action, brought under the Uniform Declaratory Judgment Act, SDCL 21-24, which seeks to define the legal status of a certain piece of property. Plaintiff initially filed a complaint for reformation, but later amended its complaint to one for declaratory judgment, seeking a declaration that an option agreement had been canceled by the terms of a compromise agreement. The defendants filed a counterclaim for specific performance of the option agreement. The trial court found that the option agreement had not been compromised by the compromise agreement and granted specific performance to the defendants. We affirm.

The origin of this litigation reaches back at least to June 19, 1967. At that time the plaintiff-seller, Ponderosa-Nevada, Inc.,[1] was the owner of the Black Forest Inn.[2] Apparently seeking to expand its holdings, the seller purchased a contract for deed for property immediately adjacent to its Black Forest Inn properties. That property was owned by Mrs. Musekamp, who sold it for $40,000.

About two years later, on August 22, 1969, the seller entered a contract for deed with the buyers, John and Hilda Venners, Richard and Mary Louise Stanley and Louise Humphrey, whereby the seller contracted to sell the Black Forest Inn properties to the buyers for $375,000. On the same day, by a separate document, the same parties executed an option agreement whereby the seller gave an "irrevocable option" to the buyers to purchase the Musekamp property. The option states that it

---

1. Ponderosa-Nevada was then known as Burgess, Incorporated.

2. The Inn was then known as the Pactola Lodge.

should remain in effect for five years and that the total price of the property was $35,000. The consideration for the option was stated as $10.00.

The option agreement does not mention the contract for deed between the seller and the buyer. However, the contract for deed mentions the option agreement in these terms.

"*EXISTING EASEMENT*:

"It is understood by all the parties hereto that the Buyers have an option to purchase all right, title and interest of Seller in the Contract for Deed between Seller and Bernice Musekamp dated June 19, 1967, a copy of said contract being attached hereto as Exhibit C. It is understood and agreed that the Musekamp property as dominant property has an easement over the property contained in this contract as servient property to enable Bernice Musekamp access to said Musekamp property, a copy of said easement is attached hereto as Exhibit D."

About eight months later, after certain litigation had been commenced, the parties entered into an addendum to contract for deed, dated April 16, 1970. By this document, several of the buyers, i.e., Louise Humphrey, Richard and Mary Louise Stanley, were released from the contract for deed. This document does not mention the option but it does contain the following language:

"It is further understood and agreed that all of the terms and conditions of the above described contract for deed shall be and remain the same as set forth in said contract except insofar as said terms are specifically amended hereinafter in this agreement."

The next transaction took place two years later. The buyers had apparently concluded that the original arrangement between themselves and the seller was disadvantageous to them and sought to reduce their indebtedness. An appraiser was contacted to verify their new view of the actual value of the Black Forest properties. The buyers then apparently proposed to the seller

that the buyers' indebtedness be reduced from $140,000 to $100,000. $90,000 of this amount would be paid immediately in cash. $10,000 would be paid by a note. The seller agreed, and actively worked in the buyers' behalf to arrange financing for the buyer so that he would be able to pay the $90,000 in cash. This transaction was reduced to writing in a document entitled "Compromise Agreement." While this agreement made no direct reference to the option agreement, the following clauses from the compromise agreement are pertinent to our analysis:

"*PURPOSE*:

"The purpose of this agreement is to set forth the terms and conditions under which the parties agree to compromise and satisfy that certain Contract For Deed dated August 22, 1969, as amended by the Addendum to the Contract For Deed dated April 16, 1970, both of which are attached hereto and by this reference incorporated herein."

&ast; &ast; &ast; &ast; &ast; &ast;

"*COMPLETE PERFORMANCE*:

"Performance of the terms of this agreement by the parties hereto shall be deemed full and complete performance of all obligations by the parties to said Contract and Addendum and shall be deemed payment in full of said Contract and Addendum."

As noted above, the seller subsequently sought a declaratory judgment to the effect that the option agreement had been compromised by the compromise agreement. The buyer, after making tender, sought specific performance of the option agreement on the grounds that the compromise agreement had not compromised the option agreement.

The trial court found that the option agreement had not been abrogated because it felt that the language in the compromise agreement did not allow for abrogation. Furthermore, it found

that there was no ambiguity on the face of the compromise agreement which would allow extraneous evidence to explain it.

Following the entry of the judgment, plaintiff moved for a new trial, relying, among other things, on the ground that a release discovered after the trial constituted newly discovered evidence. The trial court entered an order denying plaintiff's motion for a new trial and plaintiff appealed.

Plaintiff assigns error to the trial court's findings of fact that the option agreement was an agreement separate from the contract for deed. Plaintiff asserts that the option agreement was executed on the same day as the contract for deed, by the same parties, and dealt with the same subject matter; therefore, they conclude that the contract for deed, which makes reference to the option in the "Existing Easements" clause, incorporates the option into the contract for deed by reference. As part of that contract for deed, plaintiff contends that the option was compromised by the compromise agreement.

■ "Where [there are] several contracts relating to the same matters, between the same parties and made as parts of the same transaction, they should be considered together and treated as one contract." Rasmussen v. Hodges, 1927, 52 S.D. 100, 102, 216 N.W. 862, 863. In construing the writings together, however, it is the intent of the parties that is controlling; the rule is employed for that purpose only, and will not be applied where to do so would be contrary to the intent of the parties or would ignore the realities of the situation. First Trust & Savings Bank v. McVeigh, 1926, 50 S.D. 604, 211 N.W. 446; Four-Three-O-Six Duncan Corp. v. Security Trust Co., 1963, Mo., 372 S.W.2d 16. There must be some reasonable basis for finding that the parties intended that the two instruments constitute but one contract. We find a lack of such a reasonable basis in this instance.

■ Although the two instruments under consideration were executed at the same time, and involved the same parties, they pertain to the same subject matter only in the general sense that they both relate to the sale of real property. Each instrument contains a description of separate pieces of property. Additional

evidence that the intent was to create separate contracts is evident from the fact that each recites separate consideration and provides for performance on different dates. See Elliott v. Richter, 1973, Mo., 496 S.W.2d 860. The trial court accordingly entered its finding of fact that separate agreements were involved. "We are not at liberty to overrule a factual finding by the trial court unless it is clearly erroneous." Richter v. Industrial Finance Company, Inc., 1974, 88 S.D. 466, 221 N.W.2d 31, 35. We find no clear error on this issue. See also, Northwestern Nat. Bank of Sioux Falls v. Brandon, 1974, 88 S.D. 453, 221 N.W.2d 12; SDCL 15-6-52(a).

Plaintiff also asserts that the trial court erred in refusing to admit parol evidence to disclose the true nature of the transaction. The argument is that the reference to the option agreement in the contract for deed, coupled with the compromise of the contract for deed, creates a latent ambiguity that permits the introduction of parol evidence to resolve the ambiguity in accord with the intent of the parties. The trial court found no ambiguity in the language of the instruments, and refused to consider parol evidence. We also find a lack of ambiguity.

"Language in a contract may be said to be ambiguous when 'it is reasonably capable of being understood in more than one sense.'" Jones v. American Oil Co., 1973, 87 S.D. 384, 387, 209 N.W.2d 1, 3, citing Newton v. Erickson, 1950, 73 S.D. 228, 41 N.W.2d 545. In determining whether a contract contains an ambiguity, however, provisions will not be examined in isolation. "It is a fundamental rule of contract construction that the entire contract and each and all of its parts and provisions must be given meaning if that can consistently and reasonably be done." Dail v. Vodicka, 1975, 89 S.D. 600, 237 N.W.2d 7, 9; Jones v. American Oil Co., supra. Considering the contract for deed as a whole, it is clear from the face of the instrument what property constituted the subject matter of the agreement. The property is specifically described, the consideration is specified, and an allocation of the consideration is made to the property described. The only reference to the option is in the "Existing Easements" clause, set out earlier in this opinion. When this clause is read in conjunction with the rest of the contract, it can be seen that the clause is in-

tended to do what its caption indicates — describe an existing easement. To find that this clause incorporated the option agreement is to ignore the plain meaning of the words on the face of the instrument. The compromise agreement is likewise clear on its face; no intent to include the option agreement is evident. After examining all instruments in question, we do not find that they are capable of being understood in more than one sense. Each is clear on its face and is presumed to reflect the intent of the parties. Brooks, Inc. v. Brooks, 1972, 86 S.D. 676, 201 N.W.2d 128. Therefore, we conclude that the trial court properly refused to consider parol evidence.

Plaintiff next assigns error to the trial court's denial of a motion for new trial. Plaintiff asserts that a release found after the trial constitutes newly discovered evidence. The trial court found that the release was not newly discovered evidence and that even if such evidence were considered by the court, it would not alter or modify the judgment.

■ Applications for new trial are governed by SDCL 15-6-59(a); subsection (4) of that section provides for a new trial based upon "Newly discovered evidence, material to the party making the application, which he could not with reasonable diligence have discovered and produced at the trial." As this court held in Byre v. Wieczorek, 1974, 88 S.D. 185, 217 N.W.2d 151, 159:

"A motion for a new trial is addressed to the sound discretion of the trial court and the court's decision in granting or refusing the same will not be disturbed upon appeal by the appellate court unless it appears affirmatively from the record that there has been an abuse of such discretion."

We have considered the record and the various arguments made by plaintiff and can find no such abuse. See Basin Electric Power Cooperative v. Gosch, 1976, 90 S.D. 222, 240 N.W.2d 96; Wieland v. Loon, 1962, 79 S.D. 608, 116 N.W.2d 391.

After considering plaintiff's various assignments of error,

we find no prejudicial error has been committed. For all the reasons stated herein, we find that the trial court ruled correctly and the judgment of that court is affirmed.

DUNN, C. J., and WOLLMAN and COLER, JJ., concur.