GMS, INC., A South Dakota Corporation,
Plaintiff and Appellant,

v.

DEADWOOD SOCIAL CLUB, INC., A
South Dakota Corporation, Defendant
and Appellee.

No. 13796.

Supreme Court of South Dakota.

Considered on Briefs Jan. 18, 1983.

Decided May 4, 1983.

Raymond. J. Voelker, Jr. of Voelker &
Adams, Deadwood, for plaintiff and appel-
lant; Mary Anne Kenton of Voelker & Ad-
ams, Deadwood, on the brief.

William L. Severns, Deadwood, for de-
fendant and appellee.

MORGAN, Justice.

This action arises from a contract for the
sale of a business and the underlying real
and personal property from Deadwood So-
cial Club, Inc., appellee (Seller), to GMS,
Inc., appellant (Buyer). Buyer defaulted on
this contract for deed and brought this ac-
tion for declaratory judgment. Upon a
judgment by the court quieting title to cer-
tain personal property in the Seller, Buyer
appeals.[1] We affirm.

On April 30, 1981, Buyer and Seller en-
tered into an agreement for Buyer to pur-
chase from Seller the building known as the
Carpetbagger Hotel located on Main Street
in Deadwood, South Dakota. The property
to be sold included the business located
therein, known as the Bandito Restaurant,
together with all inventory, equipment and
fixtures. The contract provided for a pur-
chase price of $210,000, allocated as sixty-
five percent for the building, five percent
for the goodwill and non-competition

1. The title to the real property was not at issue    between the parties.

clause, twenty percent for the equipment, and ten percent for the furniture and fixtures. It further provided that should Buyer default, "Seller shall have the right to retake the property and to retain all payments previously made by the buyer and all improvements made by it on the premises as liquidated damages for the breach of this agreement." At the closing, Buyer requested that it receive the bill of sale for the personal property at that time rather than having the bill of sale placed in escrow as provided in the agreement. Buyer's reason for the request was to use the bill of sale as collateral to obtain a loan for the downpayment.[2] Seller agreed and the provisions of the contract calling for the bill of sale to be placed in escrow were deleted and initialed by the parties as the contract was signed. Buyer then used the personal property as collateral for a loan from the First National Bank of the Black Hills, Lead, South Dakota.[3] Subsequently, Buyer breached the contract by making only three monthly payments, failing to insure the premises, and making no provision for the payment of its share of the taxes.

Upon Buyer's default the premises were returned to Seller, pursuant to the default provisions under the contract. Since the personal property was located in the premises returned to Seller, Seller also received possession of the personal property. Buyer, however, retained the beer license and brought this action seeking its rights declared to this personal property. Seller counterclaimed, seeking forfeiture of the contract and its title quieted to *all* of the personal property, including the beer license. The judgment signed by the court decreed that Seller "shall be given immediate possession [of all personal property] including the beer license...." Buyer appeals from this judgment.

■ Initially, we deal with Seller's contention that Buyer's appeal should be dismissed due to Buyer's failure to object to the findings of fact and conclusions of law on a timely basis. We hold, however, that such failure does not require dismissal of the appeal. Rather, the rule is:

> [T]hat where the sufficiency of the evidence was not questioned before the trial court by ... request for findings or other appropriate procedure sufficiency of the evidence cannot be reviewed and appellant is therefore limited to the question of whether the findings support the conclusions of law and judgment.

*Application of Veith,* 261 N.W.2d 424, 425 (S.D.1978); *see Moody County v. Cable,* 82 S.D. 537, 150 N.W.2d 193 (1967); *Ove v. Hutcheson,* 77 S.D. 78, 85 N.W.2d 675 (1957). Consequently, even if Buyer's proposed findings and conclusions were not timely, this failure merely narrows this court's scope of review; such failure does not require dismissal of the appeal. Accordingly, this court reviews the record as to whether the findings of fact support the conclusions of law and judgment.

The issue on appeal, as framed by Buyer, is whether the transfer of the bill of sale from Seller to Buyer vests title to the personal property in Buyer. More accurately, the issue is whether the delivery of the bill of sale negated the provision of the contract for retaking possession of the real and personal property upon Buyer's default. The trial court concluded that Seller had the right to retake the personal property based on the finding that:

> At the closing, Plaintiff requested that it receive the Bill of Sale for the personal property at that time rather than having it placed in Escrow so that Plaintiff could use it for collateral for a loan. The provisions of the Contract calling for the Bill of Sale to be placed in Escrow were deleted and initialed by the parties as the Contract was signed. The clause giving Seller the right to retake the property and retain the payments previously made in the event of a default was left unchanged. No additional consideration was given for these changes.

---

2. We note the allocation of the purchase price for personal property was approximately $63,-000, while the downpayment was $10,000.

3. The priority of the lien of the First National Bank of the Black Hills is not disputed by either party.

"The primary rule in the construction of contracts is that the court must, if possible, ascertain and give effect to the mutual intention of the parties."[4] *Huffman v. Shevlin,* 76 S.D. 84, 89, 72 N.W.2d 852, 855 (1955) quoted in *Johnson v. Johnson,* 291 N.W.2d 776 (S.D.1980); Generally, when two or more instruments are executed at the same time by the same parties, for the same purpose and as part of the same transaction, the court must consider and construe the instruments as one contract. *Ponderosa-Nevada, Inc. v. Venners,* 90 S.D. 579, 243 N.W.2d 801 (1976); *Rasmussen v. Hodges,* 52 S.D. 100, 216 N.W. 862 (1927); 17 Am.Jur.2d *Contracts* § 264 (1964). It is, however, the intent of the parties that controls. *Ponderosa-Nevada, supra; First Trust & Savings Bank v. McVeigh,* 50 S.D. 604, 211 N.W. 446 (1926). Here, the contract for deed and the bill of sale were executed simultaneously, by the same parties, as part of the same transaction—the sale and purchase of this property. The last minute changes in the contract for deed regarding the bill of sale were for the purpose of effecting this transaction. Consequently, we consider these instruments as one contract.

"[Another] fundamental rule of contract construction [is] that the entire contract and each and all of its parts and provisions must be given meaning if that can consistently and reasonably be done." *Dail v. Vodicka,* 89 S.D. 600, 603, 237 N.W.2d 7, 9 (1975); *Jones v. American Oil Co.,* 87 S.D. 384, 209 N.W.2d 1 (1973); *Christiansen v. Strand,* 81 S.D. 187, 132 N.W.2d 386 (1965); 17 Am.Jur.2d *Contracts* § 259 (1964). Having determined both of these instruments are one contract, this court must give meaning to all of the clauses and construe all clauses consistently.

According to the findings of fact above quoted, the parties merely deleted the provisions stating the bill of sale for the personal property would be placed in escrow. Significantly, though, the parties did not change the default clause which gave Seller the right to take possession of the property upon default by Buyer. We also note that the parties did not change the clause providing the allocation of the purchase price, which includes approximately $63,000 for personal property and equipment. This is well in excess of the $10,000 downpayment. As the trial court concluded:

> [T]he undeleted default provisions of the Contract give Defendant the right to retake the personal property provided however that this right is subject to the security interest created in favor of the First National Bank of the Black Hills, Lead, South Dakota.

We agree with the trial court. Construing these provisions in a consistent manner leads to the conclusion that, even though the bill of sale for personal property is not in escrow, if the Buyer defaults the Seller gains right to possession of that property. From our review of the record, the findings of fact support the trial court's conclusion that Seller has title to the personal property.

We affirm the judgment below.

All the Justices concur.

---

4. Further, SDCL ch. 43–35, specifically addressing the transfer of personal property, discusses the intent of the parties. SDCL 43–35–3 provides:

> The title to personal property, sold or exchanged, *passes to the buyer whenever the parties agree upon a present transfer,* and the thing itself is identified, whether it is separated from other things or not, except as may be otherwise provided in chapter [57A–2]. (Emphasis supplied.)

Additionally, SDCL 43–35–4 states that:

> Title is transferred by an executory agreement for the sale or exchange of personal property, only when the buyer has accepted the thing, or when the seller has completed it, prepared it for delivery, and offered it to the buyer, *with intent to transfer the title thereto,* in manner sufficient to constitute legal tender, except as may be otherwise provided in chapter [57A–2].

Although according to these statutes the intent of the parties is significant, the trial court here did not make a specific finding as to the parties' intent. The trial court, however, did make a finding that the parties retained the default provision permitting Seller to possess the property in the event of Buyer's default. This finding supports the conclusion that Seller has the right to title of the personal property.