**Marcus MUHLENKORT, Plaintiff and Appellee,**

v.

**Jeffrey Theodore MUHLENKORT, Defendant and Appellant.**

No. 14986.

Supreme Court of South Dakota.

Considered on Briefs Feb. 12, 1986.

Decided Sept. 17, 1986.

C.E. Light, Light Law Office, Yankton, for plaintiff and appellee.

Jeff Masten, Masten, Myrabo & Irons, P.C., Canton, for defendant and appellant.

MORGAN, Justice.

Defendant Jeffrey Muhlenkort (Jeffrey) appeals from a judgment of the circuit court reforming a contract for deed between Jeffrey and his father, the plaintiff, Marcus Muhlenkort (Marcus) and a judgment for money damages. In addition to reforming said contract, the trial court also

foreclosed upon the contract in favor of Marcus. We reverse in part, affirm in part, and remand with instructions.

On or about March 1, 1976, Marcus and Jeffrey entered into and executed a written agreement in the form of a contract for deed for conveyance of two separate tracts in Union County, South Dakota. As consideration for his property, Marcus was to receive forty percent of all crops harvested from the property and also was to receive forty percent of all other proceeds, government payments or other income derived from the real property. This forty percent share to Marcus constituted the annual installment payment due from Jeffrey and was to continue for the life of Marcus. Upon his death, Marcus' administrator was to deed the real estate to Jeffrey without additional payments. The contract further contained a default provision whereby Marcus could cancel and Jeffrey would forfeit the contract upon Jeffrey's failure to comply with its terms.

At about the same time, Marcus and Jeffrey also entered into a contract for sale of farm equipment. It provided that the failure of Jeffrey to comply with the farm equipment contract terms would be considered a breach of the terms on the real property contract. The personal property contract also contained a provision that Jeffrey had a right to sell, trade, or otherwise dispose of any of the items of property described in this contract providing that any property acquired by Jeffrey as a result of such sale would remain subject to the terms of the personal property contract.

Jeffrey failed to make the payment due on the farm equipment contract for 1981 and failed to make any payments thereafter. Jeffrey sold a substantial portion of the property subject to the farm equipment contract and failed to pay or account for any of the proceeds to Marcus. On or about August 7, 1981, Marcus served Jeffrey with a notice of intention to forfeit both contracts. The notice was based upon alleged defaults including nonpayment of real estate taxes, failure to equitably divide crops, and failure to make payments on the farm equipment contract. Jeffrey filed a petition for reorganization in bankruptcy court in February of 1982.

Initially, Marcus contends that Jeffrey may not challenge the sufficiency of the evidence as he failed to timely submit proposed findings of fact and conclusions of law. *See* SDCL 15–6–52(a). This court has previously determined that the standard of review is narrow when the appealing party fails to object to the proposed findings of fact and conclusions of law on a timely basis. *See GMS, Inc. v. Deadwood Social Club, Inc.*, 333 N.W.2d 442 (S.D.1983). " '[W]here the sufficiency of the evidence was not questioned before the trial court by ... request for findings or other appropriate procedure sufficiency of the evidence cannot be reviewed and appellant is therefore limited to the question of whether the findings support the conclusions of law and judgment.' " *Id.* at 443 (quoting *Application of Veith*, 261 N.W.2d 424, 425 (S.D. 1978)).

We do not believe that this is an appropriate case to limit the scope of review as suggested in *G.M.S., Inc.* On the record before us, we cannot say with any degree of certainty that Jeffrey failed to timely submit proposed findings of fact and conclusions of law. We can determine from the record that the trial court's findings of fact and conclusions of law were signed on April 8 and subsequently filed on April 15. We can also determine from the record that Jeffrey's proposed findings of fact and conclusions of law were refused by the trial court on April 15 and filed on April 16. What we cannot determine is the date of service of these various documents. The affidavits of service were not included in the settled record.

Jeffrey's mainstay argument is that the trial court may not make a contract for the parties that they did not make themselves. It is clear that Jeffrey and Marcus intended to and did make a contract for deed and in that contract it is clear that both parties contemplated that the property could be regained by Marcus upon Jeffrey's default.

Marcus was to regain the property through the forfeiture clause in the contract. However, the failure to recite a calculable contract amount[1] for purposes of setting a redemption value destroyed the intent of the forfeiture clause. "If by reason of a mistake of law, the legal effect of the words in which a contract or conveyance is expressed is different from that on which the parties were agreed, reformation is a proper remedy." *Essington v. Buchele,* 79 S.D. 544, 549, 115 N.W.2d 129, 131 (1962). "In revising a written instrument, the court may inquire what the instrument was intended to mean, and what were intended to be its legal consequences, and is not confined to the inquiry what the language of the instrument was intended to be." SDCL 21-11-3. *See also Garber v. Haskins,* 84 S.D. 459, 172 N.W.2d 721 (1969).

It is important to note here, that the trial court did not supply the price term in the contract for deed. The price term in the contract as set forth by the parties was forty percent of the crops raised on the land as long as the vendor was living.[2] The trial court in this instance adopted a value stated by the defendant in his 1982 bankruptcy petition as being the redemption value of the land. It is in this valuation that we find error on the part of the trial court.

■ We do not doubt that the valuations placed on the land in Jeffrey's bankruptcy petition are fair market values for the lands in question *at the time of the bankruptcy petition.* It must be remembered, however, that the contract for deed was signed in 1976, whereas the bankruptcy petition was filed in 1982. Absent a specific finding that the 1976 value of the land was equal to its 1982 value, we hold that it was erroneous for the trial court to assign the 1982 valuation to the 1976 land sales contract. As a result, we must reverse and remand for a determination of the value of the lands in question as of the sale date in 1976. We commend the trial court for its otherwise equitable and just rulings in this case.

■ Finally, Jeffrey contends that his encumbering of collateral to secure crop and other loans was not a material breach of a condition in the contract that would justify reformation and foreclosure. What Jeffrey fails to point out is that there were significant breaches in addition to his encumbering collateral. The trial court specifically found that Jeffrey materially breached the terms of the contract by failing to make payments on the personal property contract; pledging collateral subject to the agreement without the written consent of Marcus; failing to pay real estate taxes; failing to divide the crop; failing to account for the crop; and failing to divide insurance proceeds. In light of these findings by the trial court, much of which were undisputed, we find that the trial court did not err in finding a material breach justifying reformation and foreclosure.

We note that a judgment of foreclosure on the real property and a money judgment on the personal property were given to Marcus by the trial court. We find no infirmity with the money judgment rendered by the trial court, but we reverse and remand the judgment of foreclosure for further proceedings not inconsistent with this opinion.

WUEST, C.J., HENDERSON and FOSHEIM, JJ., and HERTZ, Circuit Judge, acting as a Supreme Court Justice, concur.

SABERS, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.

---

1. The court is required under SDCL 21-52-10 to "determine the amount required to redeem the lands" before issuing a foreclosure order. This was impossible under the contract as written since the total contract amount was not obtainable.

2. We do not express an opinion as to whether this price term would comply with the Statute of Frauds.