#30135-r-SPM
**2023 S.D. 49**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

THE GENEVIEVE J. PARMELY
REVOCABLE TRUST,                                    Plaintiff and Appellee,

    v.

BRAD MAGNESS,                                              Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
HAND COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE PATRICK T. PARDY
Judge

\* \* \* \*

JEFF BURNS of
Churchill, Manolis, Freeman,
   Kludt & Burns, LLP
Huron, South Dakota                          Attorneys for defendant and
                              appellant.


JOHN K. NOONEY
ROBERT J. GALBRAITH
JARED D. NOONEY of
Nooney & Solay, LLP
Rapid City, South Dakota                    Attorneys for plaintiff and
                              appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
APRIL 25, 2023
OPINION FILED **09/20/23**

#30135

MYREN, Justice

[¶1.]	The Genevieve J. Parmely Revocable Trust sought a declaratory judgment asking the court to determine that an option agreement made with Brad Magness was invalid because of the absence of consideration. The parties filed cross-motions for summary judgment regarding the existence of consideration. The circuit court granted summary judgment in favor of the Trust. Magness appeals. We reverse and remand with direction to enter summary judgment on that issue in favor of Magness.

## Factual and Procedural History

[¶2.]	Genevieve and James Parmely owned land in joint tenancy. In 2000, they sold a portion of their land to Brad Magness for $325 per acre. During the discussions leading up to the sale, Magness agreed to that purchase price with the understanding that he would have an option to buy the remainder of their land at a lower per-acre price. However, the 2000 purchase agreement did not mention any such option and contained an integration clause.[1]

[¶3.]	In 2002, the Parmelys and Magness memorialized their option agreement by signing a document titled "Real Estate Option" that provided Magness an option to buy the remainder of the Parmelys' land for $285 per acre. In 2006, the same parties signed a second "Real Estate Option" that corrected a

---

1.	The integration clause provided: "INTEGRATION: This writing constitutes the entire Agreement between the parties and there are no other oral or written agreements or understandings of any kind or character except those contained herein. This Agreement may be changed or modified only by a written agreement signed by the parties."

-1-

typographical error in the legal description of the property. Both documents were signed before a notary by all parties.

[¶4.] James died in 2018, and, by operation of law, Genevieve became the sole owner of the land described in the real estate option documents. In March 2019, Genevieve transferred her interest in the land to the Genevieve J. Parmely Revocable Trust. In July 2019, the Trust sought declaratory relief, asking the circuit court to declare that both real estate options were "not valid under South Dakota law and that any and all rights granted by the [real estate options] are hereby extinguished." Magness answered and asserted that the Trust failed to state a claim upon which relief could be granted. In April 2020, Magness advised the Trust he was exercising his option to purchase the remaining property.

[¶5.] During his deposition, Magness testified that the $325-per-acre asking price by the Parmelys in the 2000 purchase agreement was above the market value of the property at the time and the Parmelys were firm on this price because it provided them sufficient funds to purchase other property. Magness told them that he would be willing to pay $325 per acre if they gave him an option to purchase the rest of the land for $285 per acre, a price that Magness believed reflected the fair market value of the property at the time. Magness testified that the Parmelys orally agreed to give Magness an option to purchase the remaining property on these terms. Magness' testimony is undisputed as it is the only recollection of events in the settled record. James passed away before litigation, and Genevieve was not competent to testify. The Trust moved for summary judgment, arguing that the option agreements were "void for lack of consideration." Magness opposed

the motion, arguing that "there is a genuine issue of material fact as Brad Magness in his deposition testimony . . . clearly indicates he paid an increased price for the property in the underlying Purchase Agreement on the condition that he receive an option to purchase the remainder of Plaintiff's real property at a lesser price." In November 2021, following a hearing on the summary judgment motion, the circuit court issued a memorandum decision denying the motion because there were disputed material facts about whether there was valid consideration for the option agreements.

[¶6.]        In March 2022, the Trust filed a motion requesting the circuit court to clarify and reconsider its summary judgment order. Magness filed a cross-motion for summary judgment in which he asked the circuit court to enter a judgment in his favor, determining the option agreements were supported by valid consideration. Magness argued that he was entitled to judgment as a matter of law because "SDCL 53-6-3 states a written instrument is presumptive evidence of a consideration" and his undisputed testimony established that he agreed to pay the higher price for the initial parcel in return for an option to purchase the remaining land.

[¶7.]        On the morning of May 26, 2022, the circuit court entered an order approving a stipulation between the parties authorizing Magness to file an amended answer that asserted a statute of limitations defense and a counterclaim for enforcement of the option agreement. That afternoon, the parties appeared before the circuit court to argue their motions. The parties did not mention the amended answer or discuss Magness' claim of a statute of limitations defense. At

the end of the hearing, the circuit court requested post-hearing briefs on the cross-motions for summary judgment. Following the hearing, the clerk of courts filed the amended answer and the order approving the stipulation.

[¶8.] In June 2022—before the circuit court decided the pending motions—the Trust moved for summary judgment a second time. It also filed a post-hearing brief and a brief supporting its second motion for summary judgment. In these briefs, the Trust argued that the integration clause in the 2000 purchase agreement made the Parmelys' prior oral promise for an option ineffectual.

[¶9.] On July 19, 2022, the circuit court issued a letter decision that said the Trust's motion for reconsideration was denied, Magness' motion for summary judgment was denied, and the Trust's second motion for summary judgment was granted. It determined that the written option agreements were not supported by independent consideration and were null and void because the "performance of a pre-existing duty cannot form the basis for valid consideration for a contract."

[¶10.] Magness filed a "motion for reconsideration and/or to rescind court's July 19, 2022 opinion granting summary judgment in favor of Plaintiff." Magness argued that the circuit court improperly granted the Trust's second summary judgment motion before he could submit his opposition. On the same day, in light of his amended answer, Magness moved to dismiss the Trust's declaratory judgment action, arguing that it was barred by the doctrine of laches and the statute of

limitations in SDCL 15-2-13.[2]

[¶11.] At a later hearing on these motions, the circuit court clarified its prior ruling: "I have never looked at the second motion for summary judgment; and it in no way was a part of my analysis." The circuit court further explained: "I do not know why that is in there. . . . The 'conclusion' paragraph [of the letter decision] should say, 'Accordingly, for the reasons set forth above, Plaintiff's motion for clarification and reconsideration is granted. Defendant's motion for summary judgment is denied.'" The circuit court treated the Trust's second motion for summary judgment as if it had not been ruled upon. The circuit court also addressed Magness' arguments supporting his motion to dismiss:

> As for the defenses of laches and statute of limitations, I do not believe those were ever before me or presented as a defense for the summary judgments; and therefore I don't believe they provide a defense for the summary judgment motion. In addition, just so the record is clear, though, I do find the [Trust's] argument on the statute of limitations as briefed, in their brief, convincing; and I do believe that the statute of limitations hasn't run. However, that said, I also don't believe they were ever presented to this Court as a defense as it relates to the motion for summary judgment.

2. SDCL 15-2-13 provides in part:

> Except where, in special cases, a different limitation is prescribed by statute, the following civil actions other than for the recovery of real property can be commenced only within six years after the cause of action shall have accrued:
>
>> (1) An action upon a contract, obligation, or liability, express or implied, excepting those mentioned in §§ 15-2-6 to 15-2-8, inclusive, and subdivisions 15-2-15(3) and (4) . . . .

The circuit court concluded, "with the edits that I have just announced in my 'conclusion' paragraph, the ruling will stand." The circuit court issued an order to that effect and a judgment declaring that the 2002 and 2006 options were "not supported by valid consideration and any and all rights under [these options] are hereby extinguished." Magness appeals.

## Standard of Review

[¶12.]　　A motion for summary judgment will be granted if two conditions are met: (1) "there is no genuine issue as to any material fact"; and (2) "the moving party is entitled to a judgment as a matter of law." SDCL 15-6-56(c). A grant or denial of a motion for summary judgment is reviewed de novo. *N. Star Mut. Ins. v. Korzan*, 2015 S.D. 97, ¶ 12, 873 N.W.2d 57, 61 (citing *Titus v. Chapman*, 2004 S.D. 106, ¶ 13, 687 N.W.2d 918, 923).

## Decision

### *Whether the Trust rebutted the presumption of consideration for the option agreement*

[¶13.]　　In granting summary judgment, the circuit court determined there was no independent consideration for the written option agreements. The circuit court concluded that "all oral negotiations and stipulations between the parties preceding or accompanying the execution of the 2000 Purchase Agreement, including those allegedly regarding a potential option contract, are superseded by the written Purchase Agreement." The circuit court relied on the integration clause and SDCL 53-8-5, which states that a written contract "supersedes all the oral negotiations or stipulations . . . ."

[¶14.]        Magness was the only participant in the negotiations capable of testifying about the purchase and option agreements.  As a result, the Trust could not present any contradictory evidence that would raise any question of fact regarding how those negotiations transpired.  Consequently, both parties agreed there were no material facts in dispute.  Magness' undisputed testimony established that he and the Parmelys negotiated an agreement to purchase a portion of their property at an elevated per-acre price.  They also agreed that in return for the elevated per-acre price, Magness would have the option to purchase the remaining property at a lower per-acre price.  The consideration for the option agreement was the elevated per-acre price for the first parcel.  After the purchase of the initial parcel had been completed, the parties memorialized this option agreement in writing on two separate occasions.  The subsequent memorializations place the written option agreements outside the operation of the purchase agreement's integration clause.  The Trust does not dispute the existence of the written option agreements.  Instead, the Trust argues that because the consideration identified in the 2000 purchase agreement was fully allocated between the land and the improvement identified as the property purchased in that agreement, there was no consideration to support the option agreements.  The Trust also argues Magness' testimony may not be considered because of the integration clause and the parol evidence rule.

[¶15.]        "[T]he execution of a contract in writing . . . supersedes all the oral negotiations or stipulations *concerning its matter which preceded or accompanied the execution of the instrument.*"  *Hofeldt v. Mehling*, 2003 S.D. 25, ¶ 11, 658 N.W.2d

783, 787 (emphasis added) (quoting SDCL 53-8-5). "The parol evidence rule bars extrinsic evidence of prior negotiations offered to contradict or supplement a written contract." *Id.* However, we have recognized that the parol evidence rule does not prohibit a party from using oral extrinsic evidence to prove a collateral oral agreement. *See Tolle v. Lev*, 2011 S.D. 65, ¶ 17, 804 N.W.2d 440, 446 ("Tolle is not seeking to use Lev's oral statements to vary any term of the written agreement . . . . She is seeking to use the statements to prove a collateral oral agreement . . . ."). This is particularly true where the parties *subsequently* entered into a written agreement memorializing the oral agreement. The purchase agreement and the option agreements are separate written contracts related to different parcels of real property. As such, Magness' testimony that he paid a higher price per acre in the 2000 purchase agreement as consideration for the separate option agreement is not subject to exclusion under the parol evidence rule.

[¶16.] More important, in the context of this case, is the presumption of consideration that existed after the option agreement was reduced to writing. "A written instrument is presumptive evidence of a consideration" and "[t]he burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it." SDCL 53-6-3 and -4. "[A] presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption." SDCL 19-19-301. Because the option agreements were in writing, the Trust bears the burden to rebut the presumption of consideration. SDCL 53-6-4. "The effect of a presumption of law is 'to invoke a rule of law compelling the [factfinder] to reach the conclusion in the absence of evidence

to the contrary from the opponent.'" *In re Est. of Fox*, 2019 S.D. 16, ¶ 19, 925 N.W.2d 467, 473 (alteration in original) (quoting *In re Est. of Gustafson*, 2007 S.D. 46, ¶ 11, 731 N.W.2d 922, 926). The Trust did not offer any evidence to rebut the presumption that Magness gave consideration for the written option agreements with the Parmelys.

[¶17.] Faced with Magness' testimony that the consideration for the option agreements was the elevated per-acre price for the first parcel, the Trust was entitled to present contrary evidence disputing Magness' claim but failed to do so. "The rule that absence or failure of consideration for a written contract may be shown by parol is so elementary as to require no citation of authorities." *Indep. Harvester Co., Ltd. v. Anderson*, 45 S.D. 60, 186 N.W. 112, 114 (1921).

> Agreements and negotiations prior to or contemporaneous with the adoption of a writing are admissible in evidence to establish
>
> (a) that the writing is or is not an integrated agreement;
> (b) that the integrated agreement, if any, is completely or partially integrated;
> (c) the meaning of the writing, whether or not integrated;
> (d) illegality, fraud, duress, mistake, lack of consideration, or other invalidating cause;
> (e) ground for granting or denying rescission, reformation, specific performance, or other remedy.

Restatement (Second) of Contracts § 214 (1981); *see also Poeppel v. Lester*, 2013 S.D. 17, ¶ 20, 827 N.W.2d 580, 585 (quoting Restatement (Second) of Contracts § 214(d) (1981)) (adopting § 214(d)'s approach to approve the use of extrinsic evidence in a case involving allegations of fraud and misrepresentation).

[¶18.] The Trust also argues that the performance of a pre-existing duty cannot form the basis for valid consideration for a contract. While the legal principle is valid, it has no application to these factual circumstances. These

parties simultaneously negotiated the purchase agreement and an option agreement. During that negotiation, Magness had no pre-existing duty to pay an elevated per-acre price. He agreed to pay the elevated per-acre price in return for the option to purchase the remainder of the property at a lower per-acre price. The fact that the parties memorialized that option agreement in writing later does not alter that reality. *See Ponderosa–Nevada, Inc. v. Venners*, 90 S.D. 579, 584–85, 243 N.W.2d 801, 804 (1976) (construing a contract for deed and an option agreement as two separate contracts because each related to a different parcel of real property, provided for separate consideration, and required performance on different dates). Consequently, the Trust failed to rebut the presumption of consideration established by SDCL 53-6-3. The circuit court erred in granting summary judgment for the Trust and denying summary judgment to Magness.

[¶19.] We reverse the circuit court's entry of summary judgment that concluded that the option agreements were not supported by valid consideration, and we direct the entry of summary judgment on that issue consistent with this opinion.[3] We remand for further proceedings consistent with this opinion to resolve

---

3. Magness asserted that the circuit court erred in denying his motion to dismiss the Trust's declaratory judgment action based on the statute of limitations. As noted previously, the circuit court denied the motion as presented because it was not a procedurally viable claim at the time the cross-motions for summary judgment were submitted for consideration. Having reversed the entry of summary judgment in favor of the Trust and directed entry of summary judgment as to the existence of valid consideration in favor of Magness, it is not necessary that we resolve Magness' assertion that the circuit court erred in denying his motion to dismiss the Trust's declaratory judgment action.

#30135

any remaining issues regarding Magness' counterclaim for enforcement of the options.

[¶20.]     JENSEN, Chief Justice, and KERN, SALTER, and DEVANEY, Justices, concur.