WOODMAN ACCIDENT AND LIFE COMPANY and The Prudential Insurance Company of America, Plaintiffs-Respondents,

v.

Lesley W. PURICELLI, Michael M. Puricelli and Rose H. Puricelli, Defendants-Appellants.

Nos. 45893, 45898.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 10, 1984.

David A. McMahon, Clayton, for defendants-appellants.

William R. Gartenberg, Clayton, for plaintiffs-respondents.

CLEMENS, Senior Judge.

Interpleader by insurers to determine which of the two claimants was entitled to the proceeds of life insurance policies.

Claimant Lesley Puricelli was the estranged wife of insured Michael J. Puricelli and was originally named in the policies as his beneficiary. Claimants Michael M. Puricelli and Rose H. Puricelli were the insured's parents and named the new beneficiaries in changes of beneficiary forms executed a few days before the insured's death, but not yet delivered to the insurers.

According to insurance agent Thomas H. Lake the insured brought him the policies and requested the changes in beneficiaries. Mr. Lake prepared the requested change of beneficiary forms; the insured executed the forms and left them and the policies with Mr. Lake for delivery to the two insurers. However—and here is the gist of this case—due to press of other business Mr. Lake did not send the policies and the new beneficiary forms to the insurers until two days after the insured's death.

The trial court found the facts as stated above. By a formal memorandum it ruled that when the insured left Mr. Lake's office all that remained to be done was the simple ministerial act of Mr. Lake mailing the policies and new beneficiary forms to the insurers, and the insured believed this was being done.

The trial court concluded a court of equity regards that as done which ought to have been done. So the court ordered the insurers to pay the policy proceeds to the new beneficiaries, the defendant parents.

Defendant widow has appealed. She contends the insured's death revoked Mr. Lake's authority to thereafter send the change of beneficiary forms to the insurers. We disagree.

A leading case concerning the change of a beneficiary is *Persons v. Prudential Ins. Co. of America*, 233 S.W.2d 729 [2, 6, 7] (Mo.1950). There as here the insured executed a change of beneficiary form two days before his death, but prior to the insurer receiving notice thereof. In upholding the change in beneficiary the court ruled:

"So where, as in this state, the substantial compliance rule prevails, and the insured has done all within his power to exercise his right to change the beneficiary, the *change* itself is effective before his death."

In this, the court followed the earlier case of *Mutual Life Ins. Co. of Baltimore v. Burger*, 50 S.W.2d 765[3, 4] (Mo.App.1932) where Judge Bennick wrote:

"One of the familiar maxims of equitable jurisprudence is that equity regards that as done which ought to be done (*Martin v. Martin* 250 Mo. 539, 550, 157 S.W. 575; 21 C.J. 200); and, inasmuch as equity does not demand impossible things, but is free to view the case in the light of the above principle, a court of equity will hold that the insured has done all that equity demands of him when it appears that he has complied with all the requirements of the policy within his power for the purpose of making a change of beneficiary."

We therefore hold the trial court properly held the changes of beneficiary were effective, in favor of the new beneficiary, the insured's parents.

Affirmed.

KAROHL, P.J., DOWD, C.J., and REINHARD, J., concur.