PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, Plaintiff,

v.

Evelyn M. BUERGE, Defendant-Appellant,

Alden D. Buerge, Robin K. Buerge, Steven N. Buerge, Individually and as Trustees of the First State Bank of Joplin Employees' Pension Trust, Defendants-Respondents,

Levita Kersey, as Trustee of the First State Bank of Joplin Employees' Pension Trust, Defendant.

No. 14173.

Missouri Court of Appeals, Southern District, Division One.

Jan. 21, 1986.

Karl W. Blanchard, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for defendants-respondents.

TITUS, Presiding Judge.

This appeal follows an action in interpleader regarding the proceeds of Provident Life and Accident Insurance Company life insurance policy number 1060222 issued January 1, 1981 for $17,554. The insurance company deducted $897.70 as reasonable costs leaving a total of $16,656.30 in dispute. Defendant-appellant, Evelyn M. Buerge and defendants-respondents, Alden D. Buerge, Robin K. Buerge and Steven N. Buerge all claim the proceeds. Following a December 5, 1984, trial to the court, judgment was entered on February 4, 1985, awarding the proceeds to respondents. Defendant-appellant, Evelyn M. Buerge, appealed.

In September, 1977 the First State Bank of Joplin established a pension plan and trust, the Plan, by adopting the prototype plan of Business Men's Assurance Company of America. When the Plan was initiated, insurance contracts were with Business Men's Assurance. Later these contracts were terminated and replaced by insurance contracts with Provident Life and Accident Insurance Company.

Paul Buerge was an employee of First State Bank and a participant in the Plan. Under the Plan, Provident Life issued four life insurance policies on his life. The Plan Trustee was the owner of the policies and Paul Buerge, as a participant in the Plan, had the right to designate beneficiaries to receive the proceeds payable on account of his death. The policy in dispute, number 1060222, issued January 1, 1981 and appellant, who had married Paul Buerge in May 1980, was designated as beneficiary on January 30, 1981.

Levita Kersey, Senior Vice President and Cashier of First State Bank of Joplin, was Plan Administrator. In early 1984, because of a change from individual policies to a group policy, she obtained designations of beneficiaries from the participants in the Plan. Paul Buerge was included in the

Chuck D. Brown, Warten, Fisher & Lee, Joplin, for defendant-appellant.

application for the change to the group policy, but, as the group policy would have increased his benefits, he was not included in the group policy because of his poor health at the time. However, the four policies on the life of Paul Buerge remained part of the Plan and continued to be subject to the Plan subsequent to the change to the group policy.

Levita Kersey testified that after the change to the group policy she personally gathered the designation of beneficiary forms from the employees at the bank on January 6, 1984. During that time period Paul Buerge was in a hospital in Kansas City. For that reason, Ms. Kersey sent a "designation of beneficiary" form to Steven Buerge to take to his father. The form was signed in Steven Buerge's presence on January 3, 1984. It designated Paul Buerge's three sons, the respondents, as the beneficiaries, equally or to the survivor.

The form was returned to Ms. Kersey and she delivered copies of this and the other designations to Mickey Stanley, General Agent for Provident Life and Accident Insurance Company, prior to the death of Paul Buerge on January 11, 1984. Mickey Stanley testified he received a copy of the designation of beneficiary form executed by Paul Buerge shortly after the date of the signature and prior to Paul Buerge's death. He went on to testify that a copy of the form was kept for his records but he was unsure as to whether he had forwarded a copy to Provident. In any event, Provident's records continued to reflect the beneficiary to policy number 1060222 as Evelyn Buerge.

Relevant definitions and provisions under the Plan include the following:

1.5 *Beneficiary.* The person(s), trust, estate or other entity entitled to receive benefits under the Plan which may become payable on account of a Participant's death.

1.23 *Participant.* Any present or future Employee of the Employer who participates in this Plan....

5.7 *Death Benefits.* If a Participant dies prior to retirement, a death benefit attributable to Employer contributions shall be payable to his Beneficiary....

6.5 *Trustee as Applicant/Owner.* The Trustee shall be the applicant/owner of all Contracts on the lives of the Participants, and shall exercise all rights, privileges and options under such Contracts, except that the Participant shall have the right from time to time to designate the Beneficiaries to receive the proceeds payable on account of his death....

7. PROVISIONS RELATING TO THE INSURER

    \*    \*    \*    \*    \*    \*

... In the event of any conflict between the terms of this Plan and the terms of any Contracts issued hereunder, the Plan shall control.

    \*    \*    \*    \*    \*    \*

12.11 *Beneficiaries.* A Participant shall designate, with the right to change such designation from time to time, a Beneficiary or Beneficiaries to receive any amounts which may become payable upon his death....

    \*    \*    \*    \*    \*    \*

Any designation or change of Beneficiary shall be made by completing the proper form required by the Plan Administrator or the Insurer, as the case may be. Such designation or change shall take effect on the date the notice was signed, but without any liability to any insurer on account of payment made or action taken by it before notice was acknowledged.

There were later amendments to the Plan but none of these affected any of the provisions relevant to this appeal.

Appellant alleges three errors by the trial court: 1) the trial court erred in finding the respondents the beneficiaries to policy number 1060222 because the records of Provident Life continue to show the appellant as beneficiary to policy number 1060222 and the designation of beneficiary form completed by Paul Buerge was never forwarded to Provident Life by the Trust

or by Provident's agent and thus the beneficiary was never changed; 2) the trial court erred because Paul Buerge's attempt to change beneficiaries did not substantially comply with policy requirements because he used a designation of beneficiary form rather than a change of beneficiary form and because the form was from a company other than Provident Life; and 3) the trial court erred in sustaining for lack of relevancy the respondent's objection to appellant's evidence concerning the intent of Paul Buerge relating to designation of beneficiaries under his numerous insurance policies in that it tended to show why he attempted to change the beneficiary of policy number 1060222 and such evidence was legally relevant as his intent was a central issue in this case.

### I

■ We reject appellant's first argument. According to Mickey Stanley, Provident's general agent, he had received a copy of the designation of beneficiary form signed by Paul Buerge prior to Paul Buerge's death. Where an insured executes a change of beneficiary form and leaves it with his agent for delivery to the insurer, the change of beneficiary is effective notwithstanding the failure of the agent to forward the form to the insurer until after the insured's death. *Woodman Accident and Life Company v. Puricelli,* 669 S.W.2d 64 (Mo.App.1984). In this case, the form was first given to the Plan Administrator who forwarded the change of beneficiary form to the insurer's agent. This matters little, as the evidence clearly shows that Provident's agent received the form prior to the death of Paul Buerge. His possible failure to forward the change in beneficiary to the insurer will not prevent its effectiveness in the absence of some other defect in the manner Paul Buerge attempted to change beneficiaries.

### II

Appellant contends that the form used by Paul Buerge to change the beneficiary

was defective.[1] She claims that because the form was labeled "designation of beneficiary" rather than "change of beneficiary" and because the form was from First State Bank of Joplin rather than the insurer it failed to substantially comply with the policy requirements.

■ We find the argument to have little merit for the reason that it appears that the requirements of the Plan were completely met. The Plan states that participants shall have the right to change beneficiaries from time to time. It also states that this could be accomplished by completing the form "required by the Plan Administrator or the Insurer, as the case may be." In this instance, the Plan Administrator provided the form to Paul Buerge. It clearly states on its face that it revokes any prior beneficiary designations and retains the participant's right to change such designations in the future. The form clearly indicated, despite its title, that it could be used to change beneficiaries. Thus Paul Buerge would appear to have fully complied with the requirements of the Plan when he filled it out and had it returned to the Plan Administrator.

■ In any event, terms regulating the manner in which a beneficiary is to be changed are primarily for the benefit of the insurer or retirement system, to protect them against multiple liability where two or more conflicting claimants appear. *Bell v. Garcia,* 639 S.W.2d 185, 190 (Mo.App. 1982). Therefore noncompliance with such regulations will not necessarily affect the validity of such a change of beneficiary, since such provisions are for the benefit of the insurance company and may be waived by it. *Blue v. Supreme Camp of American Woodmen,* 135 S.W.2d 373, 376[5] (Mo. App.1940). It is a settled rule that strict compliance with the terms of an insurance policy prescribing the method of changing beneficiaries is waived if the insured substantially complies with those terms, and if the insurer, following insured's death, pays the proceeds of the policy into court and

1. See Defendant's (Respondents') Exhibit 3 following opinion.

**594**

prays for a determination of the true beneficiary as in this case. *John Hancock Mutual Life Insurance Co. v. Dawson*, 278 S.W.2d 57, 61[11] (Mo.App.1955). We cannot say under these circumstances that Paul Buerge did not substantially comply with the terms of the Plan when he completed and returned the form provided him by the Plan Administrator which on its face appeared to revoke all prior beneficiary designations. Under these circumstances the insured made his purpose entirely clear, and did everything he was requested to do. Neither the Plan Administrator nor the insurer's general agent after receiving the form communicated any dissatisfaction to him with the steps he had taken. It therefore affords appellant no cause for complaint that the strict requirements of the Plan may not have been strictly adhered to. Cf. *Dunnavant v. Mountain States Life Ins. Co.*, 67 S.W.2d 785, 789–790[11] (Mo. App.1934).

**III**

We also reject appellant's third contention for the reason that no offer of proof was made after the objection to appellant's evidence was sustained. The appellant dropped the matter and did not pursue it further. An objection to the exclusion of testimony cannot be considered on appeal in the absence of a showing of what the testimony would have been and that it was relevant and mattered. Therefore there is nothing before this court to rule upon with respect to this contention. *Elliott v. Richter*, 496 S.W.2d 860, 864[1] (Mo.1973); *Moore v. Parks*, 458 S.W.2d 344, 348[6] (Mo.1970); *Murphy v. Grisham*, 625 S.W.2d 215, 217[6] (Mo.App. 1981).

For the aforesaid reasons the judgment is affirmed.

FLANIGAN and GREENE, JJ., concur.

---

It is important to note that a special estate tax exclusion can be granted to death and survivor benefits payable under your Pension Plan. However, as the exclusion does not apply to any benefit that is payable to the employee's estate, it is necessary to designate a beneficiary as provided below.

PENSION PLAN

DESIGNATION OF BENEFICIARY

FIRST STATE BANK OF JOPLIN PENSION PLAN

To: Trustee(s)

I, __Paul Buerge__ , as an employee of the above employer am entitled to a death benefit under the Pension Plan, hereby designate my beneficiary as follows to receive the benefits payable upon my death:

Full Name: __Alden D Buerge, Steven N. Buerge & Robin K. Buerge, equally__ or to the survivor

Address: _____

Relationship: _____sons_____

Should the above-named beneficiary predecease me or die while any unpaid balance of my benefits remains outstanding, the remainder due shall be paid to:

Full Name: _____Evelyn M. Buerge,_____

Address:_____

Relationship:_____wife_____

If neither of the above-named beneficiaries is surviving at the time any benefit is due or unpaid, the remainder shall be paid to the estate of the last survivor of myself and the above-named beneficiaries.